IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM LLOYDS; | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:11-CV-08946<br>Honorable Suzanne B. Conlon |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. EACH PLAINTIFF HAS PROPERLY JOINED MULTIPLE CLAIMS AGAINST ELECTROLUX PURSUANT TO FRCP 18(a)……………………………………………2

II. THE THREE PLAINTIFFS' ARE PROPERLY JOINED IN ONE ACTION PURSUANT TO FRCP 20(a)(1)……………………………………………………..4

III. PLAINTIFFS' POLICYHOLDERS ARE NOT INDISPENSABLE PARTIES TO THIS LAWSUIT PURSUANT TO FRCP 19…………………………………………………7

IV. THE REQUISITE DIVERSITY AND AMOUNT IN CONTROVERSY BOTH EXIST TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION………………...13

CONCLUSION………………………………………………………………………………15

TABLE OF AUTHORITIES

**Cases**

**Pages**

*Abraham v. Volkswagen of America, Inc.*
795 F.2d 238, 251 (2d Cir. 1986)……………………………………………………………5, 6

*Adams v. Alliant Techsystems, Inc*.........................................................................................6

*Ahern v. Bd. of Education*
1992 WL 297414 at *4 (N.D. Ill. 1992)………………………………………………………..5

*Allstate Insurance Co. v. Hechinger Co.*
982 F.Supp. 1169, 1171 (E.D. Va. 1997)……………………………………………….……….14

*Balistreri v. The Richard E. Jacobs Group*
221 F.R.D. 602, 604 (E.D. Wis. 2004)…………………………………………………………..11

*Boston Post Road Medical Imaging, P.C. v. Allstate Insurance Co.*
2004 WL 830154 at *3 (S.D. NY 2004)…………………………………………………………14

*Cars R U.S. Sales & Rentals, Inc. v. Ford Motor Co.*
2009 WL 1703123 (N.D. Ill. 2009)…………………………………………………………12, 13

*Dayton Independent School District v. U.S. Mineral Products Co., et al.*
1989 WL 237732 at *2-3 (E.D. Tex. 1989)…………………………………………………5, 6

*Exxon Mobile Corp. v. Allapattah Services, Inc.*
545 U.S. 546, 549, 125 S.Ct. 2611, 2615 (2005)……………………………………………...15

*Hanover Ins. Co. v. Brandt Construction Co.*
2011 WL 6648232 (C.D. Ill. 2011)……………………………..…………………………...12

*In re Beef Industry Antitrust Litigation*
600 F.2d 1148, 1168 (5th Cir. 1979)……………………………………………………………2

*Kehr v. Yamaha Motor Corp.*
596 F.Supp.2d 821, 826, 827-28 (S.D. NY 2008)…………………………………….…..5, 6

*Krueger v. Cartwright*
996 F.2d 928 (7th Cir. 1993)……………………………………………………………….10-14

*Martinez et al. v. Haleas and the City of Chicago*……………………………………………..6

*MGD Graphic Systems, Inc. v. A & A Bindery, Inc.*
76 F.R.D. 66, 67-68 (E.D. Pa. 1977)……………………………………………………..…3

*National Asbestos Workers Medical Fund v. Philip Morris, Inc.*
74 F.Supp.2d 221, 238 (E.D. NY 1999), (Weinstein, J.)…………………………………2, 11, 14

*Nationwide Mutual Insurance Company v. Ft. Myers Total Rehab Center, Inc.*
657 F.Supp.2d 1279, 1286 (M.D. Fla.2009)……………………………………………..2, 14

*Preferred Medical v. Geico General Insurance Co*..……………………………………………6

*United States v. Aetna Cas. & Surety Co.*
338 U.S. 366, 379, 70 S.Ct. 207 (1949)…………………………………….……………2, 7-13

*United States Steel Corp. v. Scheuerle Fahzeugfabrik GMBH*
2010 WL 4318657 at *2 (N.D. Ind. 2010)…………………………………………………11

*U.S.A. v. J.L. Adler Roofing, Inc.*
107 F.R.D. 357 9N.D. Ill. 1985)……………………………………………………………13

*Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*
485 F.2d 78, 84 (4th Cir. 1973)…………………………………………………………..11

*Wadsworth v. United States Postal Service*
511 F.2d 64 (7th Cir. 1975)…………………………………………………………...9, 11-13

*Wolde-Meskel v. Vocational Instruction Project*
166 F.3d 59, 62 (2nd Cir, 1999)……………………………………………………………2

**Statutes**

§ 1332(a)……………………………………………………………………………………14
§ 1367………………………………………………………………………………………15
Fed R. Civ. P. 12……………………………………………………………………………..4
Fed R. Civ. P. 17………………………………………………………………………1, 8-13
Fed R. Civ. P. 18………………………………………………………………………1-4, 14
Fed R. Civ. P. 19…………………………………………………………………....1, 7-13
Fed R. Civ. P. 20……………………………………………………………..1, 4, 5, 7
Fed R. Civ. P. 23……………………………………………………………………………..3
Fed R. Civ. P. 41……………………………………………………………………………14
Fed R. Civ. P. 42……………………………………………………………………………..3

**Other Authorities**

6A Fed. Prac & Proc. Civ. §1582 *Joinder of Claims Under Rule 18(a)- General*..........................3
6A Fed. Prac. & Proc. Civ. §1586 *Joinder of Claims Under Rule 18(a) and Rule 42(b)*………...3
7 Fed. Prac. & Proc. Civ. § 1653 *Permissive Joinder of Parties under Rule 20(a) – The Transactional and Common-Question Requirements*..…………………………………………..5

Plaintiffs, State Farm Fire and Casualty, State Farm General Insurance Company, and State Farm Lloyds ("Plaintiffs") have filed their Amended Complaint asserting product liability claims against Electrolux Home Products, Inc. ("Electrolux") for property damage resulting from fires ignited by Electrolux dryers at properties insured by the Plaintiffs. Electrolux has moved to dismiss the Amended Complaint on grounds that (1) the claims have been improperly joined, (2) the insurance companies have improperly joined as plaintiffs, (3) the insurance companies have improperly failed to join their policyholders as additional plaintiffs, and (4) the insurance companies have improperly aggregated their claims to meet the amount-in-controversy requirement. The arguments of Electrolux fail as a matter of law and its motion must be denied.

As subrogees of their policyholders, each of the Plaintiffs is the real party in interest to multiple claims against Electrolux and has properly joined those claims in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 18 (a). The three Plaintiffs are each asserting rights "with respect to or arising out of the same . . . series of transactions or occurrences", and more than one "question of law or fact common to all plaintiffs will arise in the action", so that they have properly joined in this one action pursuant to FRCP 20(a) as plaintiffs against Electrolux. Plaintiffs are seeking to recover the amounts that each of them have paid and to which they have become subrogated as insurers, but are not seeking to recover the deductibles incurred by their policyholders who, therefore, are not indispensible parties to this lawsuit pursuant to either FRCP 17(a) or FRCP 19. Finally, each of the three Plaintiffs has asserted claims aggregating well in excess of the $75,000 amount-in-controversy requirement for subject matter jurisdiction, which requirement does not apply separately to each individual claim of each individual plaintiff.

## I. EACH PLAINTIFF HAS PROPERLY JOINED MULTIPLE CLAIMS AGAINST ELECTROLUX PURSUANT TO FRCP 18(a).

As alleged in the Amended Complaint and specifically detailed in Exhibit A thereto, each of the Plaintiffs has made payments for property damage arising from fire losses at multiple properties and has become subrogated to the rights of its policyholders to the extent of those payments. State Farm Fire and Casualty Company has asserted 173 claims against Electrolux in the aggregate amount of $9,509,878.97. State Farm General Insurance Company has asserted twenty-five claims against Electrolux in the aggregate amount of $2,314,208.08. State Farm Lloyds has asserted twelve claims against Electrolux in the aggregate amount of $458,371.85.[1] "As subrogees, the plaintiffs are real parties in interest who possess their own substantive rights." *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 74 F.Supp.2d 221, 238 (E.D. NY 1999), (Weinstein, J.) citing *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366, 379, 70 S.Ct. 207 (1949). "As real parties in interest, plaintiffs have a right, pursuant to Rule 18, to join as many claims as they have against a defendant." *Id.* at 238.

FRCP 18(a) expressly provides, "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." That procedural rule concerning the Joinder of Claims "does not require that the aggregated claims be factually related." *Nationwide Mutual Company v. Ft. Myers Total Rehab Center, Inc.*, 657 F.Supp.2d 1279, 1286 (M.D. Fla. 2009), citing *Wolde-Meskel v. Vocational Instruction Project*, 166 F.3d 59, 62 (2d Cir, 1999). "Rule 18(a) . . . grants the plaintiffs complete freedom to join in a single action all claims that they may have against any of the defendants." *In re Beef Industry Antitrust Litigation*, 600 F.2d 1148, 1168 (5th Cir. 1979).

---

[1] State Farm Florida Insurance Company has voluntarily dismissed (Dkt. # 36; 3/20/12) from this action its single claim (relating to its insured, Thomas Childers) in an amount less than the jurisdictional amount-in-controversy requirement.

Electrolux contends that Plaintiffs, by the "aggregation" or joinder of their claims in a single lawsuit, "seek to circumvent the procedural rules governing all forms of aggregation", Electrolux Memorandum at 5, and "seek to evade the rigorous rules governing class certification". *Id.* at 6. Electrolux attempts to support its argument solely by reference to class action cases which are entirely irrelevant to this case. Such class actions are governed by FRCP 23 which is concerned with the joinder of numerous plaintiffs (not their claims) and requires, among other things, so many plaintiffs that joinder is impracticable and common questions of law or fact. In contrast, the instant case is brought by only three insurance company Plaintiffs, each of whom has joined numerous claims (not parties) pursuant to FRCP 18 (not FRCP 23), which rule does not require any common questions of law or fact or any relationship at all among the claims to be joined. The policy underlying Rule 18(a) encourages "the broadest possible scope of action through joinder of claims", so that a plaintiff has the right to join in a single complaint any and all claims that it may against a defendant, including "those which arise out of separate and independent transactions or occurrences". *MGD Graphic Systems, Inc. v. A & A Bindery, Inc.*, 76 F.R.D. 66, 67-68 (E.D. Pa. 1977).

Although "a party is permitted to join all claims against an opponent as a matter of right", Plaintiffs recognize that "Rule 18(a) deals only with the scope of joinder at the pleading stage and not with questions of trial convenience or jurisdiction and venue". 6A Fed. Prac. & Proc. Civ. §1582 *Joinder of Claims Under Rule 18(a) - General*. Pursuant to FRCP 42(b), the trial court has "extensive discretionary power to order separate trials of claims or issues" in order to manage efficiently the claims that have been properly joined in this action. 6A Fed. Prac. & Proc. Civ. §1586 *Joinder of Claims Under Rule 18(a) – Relationship Between Rule 18(a) and Rule 42(b)*. Such case management issues will necessarily be addressed at the appropriate time and

pursuant to the applicable rules but, at this pleading stage of the litigation, Plaintiffs' joinder of their multiple claims in their complaint is proper under FRCP 18(a). The motion of Electrolux to dismiss the complaint pursuant to FRCP 12 is an improper vehicle for addressing those case management issues and must be denied.

## II. THE THREE PLAINTIFFS ARE PROPERLY JOINED IN ONE ACTION PURSUANT TO FRCP 20(a)(1).

The three Plaintiffs allege that the clothes dryers involved in all of their claims were designed and manufactured by Electrolux with the same defects and dangerous conditions, including (1) a component behind the drum that accumulates lint in direct proximity to the source of ignition, (2) combustible plastic components that accumulate lint and themselves provide additional fuel sources for fire, and (3) seals that fail to seal the drum from the cabinet and promote the accumulation of lint in direct proximity to the source of ignition. Moreover, Plaintiffs allege that Electrolux failed to provide any warning on the clothes dryers, or any adequate warning to the users, concerning the risk of lint accumulation and ignition arising from the foregoing conditions. Amended Complaint at Count I, ¶ 19. Similarly, Plaintiffs allege that Electrolux negligently designed and manufactured all of the dryers at issue with the same dangerous conditions and inadequate warning. Amended Complaint at Count II, ¶ 21. All of the claims of each of the three Plaintiffs arise out of a series of occurrences of fire ignited by clothes dryers that were designed and manufactured by the same defendant with the same defective and dangerous conditions and inadequate warnings. Accordingly, Plaintiffs are properly joined in this action against Electrolux pursuant to FRCP 20(a)(1).

FRCP 20(a)(1) expressly provides, "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same . . . series of transactions or occurrences; and (B) any question of law or fact

common to all plaintiffs will arise in the action." "In imposing these two requirements, Rule 20 seeks to promote trial convenience by avoiding multiplicity of litigation and by conserving scarce judicial resources." *Ahern v. Bd. of Education*, 1992 WL 297414 at *4 (N.D. Ill. 1992) (joinder of plaintiffs represented by the same counsel would avoid "duplicitous status hearings and motion calls as the litigation progresses"). See also, *Kehr v. Yamaha Motor Corp.*, 596 F.Supp.2d 821, 827-28 (S.D. NY 2008) (plaintiffs claims arose from common products and defects so that much discovery, depositions and proof relating to those products and defects would be identical); *Dayton Independent School District v. U.S. Mineral Products Co. et al.*, 1989 WL 237732 at *2-3 (E.D. Tex. 1989) (evidence concerning the dangerous condition of the products would be the same and warrant joinder despite the many differences in time, location, installation and handling). In the present action against Electrolux, all three Plaintiffs allege the same dangerous conditions and inadequate warnings with respect to common products so that the discovery and evidence concerning those conditions and warnings will be identical.

In order for plaintiffs to join in one action, their claims need not arise out of a single occurrence, so long as those claims are "with respect to or arising out of the same . . . series of transactions or occurrences." FRCP 20 (a)(1). Where claims arise out of multiple occurrences at different times and places (as in the instant action), federal courts consider those claims to have arisen from a "series of transactions or occurrences" so long as they are logically related. The "logical relationship test" enables the federal courts to promote judicial economy by permitting the joinder of different plaintiffs with "reasonably related claims for relief". 7 Fed. Prac. & Proc. Civ. § 1653 *Permissive Joinder of Parties under Rule 20(a) – The Transactional and Common-Question Requirements*. See also, *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 251 (2d Cir. 1986) (held that 75 vehicle owner plaintiffs' allegation of a common product defect that

caused various damages "amply satisfies the requirement of a series of logically related transactions" so that "refusal to permit joinder was an abuse of discretion"); *Kehr v. Yamaha Motor Corp.*, *supra*, 596 F.Supp.2d at 826-27 (vehicle accidents involving distinct factual scenarios at different times and places held to be "logically related" claims for purposes of Rule 20 joinder of plaintiffs alleging common design defects); *Dayton Independent School District v. U.S. Mineral Products Co., et al.*, *supra*, 1989 WL 237732 (claims of multiple owners of buildings containing various asbestos products held to be "logically related" so as to permit Rule 20 joinder of parties).

Electrolux contends that Plaintiffs cannot join in this action because each of their claims "is a separate transaction or occurrence, which occurred at different times, in different states, and under different circumstances, and involving different dryer products." Electrolux Memorandum at 10. The exact same arguments were made (unsuccessfully) concerning the products liability plaintiffs in *Volkswagen of America*, *supra* (automobiles), *Yamaha Motor Corp.*, *supra* (all terrain vehicles), and *U.S. Mineral products Co.*, *supra* (asbestos-containing ceiling and fireproofing materials). In each case, the court held that the product claims were logically related and arose out of a series of occurrences so that Plaintiffs had properly joined in one action. In contrast, the claims for false imprisonment, illegal search and seizure, and malicious prosecution arising from a dozen DUI arrests over a two year period in *Martinez et al. v. Haleas and the City of Chicago* (on which Electrolux chiefly relies) are completely distinguishable from the foregoing products liability cases and have no bearing on the joinder of Plaintiffs in this action. Similarly, *Adams v. Alliant Techsystems, Inc.* (regarding workplace injuries) and *Preferred Medical v. Geico General Ins. Co.* (alleging unpaid bills for medical services), also cited by Electrolux, have no relevance to the joinder of Plaintiffs in this product liability action.

All of the claims of each of the three Plaintiffs are logically related in that they arise out of a series of occurrences, *i.e.*, fires caused by clothes dryers designed and manufactured by Electrolux with the exact same defects and dangerous conditions, about which Electrolux failed to provide adequate warning. For that reason, Electrolux acknowledges that "there are indisputably certain common elements among the individual claims of the claimants", Electrolux Memorandum at 10. Thus, Plaintiffs also satisfy the second requirement for joinder under FRCP 20(a)(1), that "*any* question of law or fact common to all plaintiffs will arise in the action." Accordingly, joinder of the three Plaintiffs is proper as their claims arise out of a series of occurrences and there are questions of law and fact common to all three Plaintiffs.

## III. PLAINTIFFS' POLICYHOLDERS ARE NOT INDISPENSABLE PARTIES TO THIS LAWSUIT PURSUANT TO FRCP 19.

As subrogees to the extent of their payments to policyholders or on their behalf, Plaintiffs are the real parties in interest to this action to recover the amount of those payments (the "Amount of Loss" column on Exhibit A to the Amended Complaint). The policyholders have separate interests to the extent of the deductible portions of their losses that were not paid by Plaintiffs (the "Deductible" column on Exhibit A), and at least theoretically could bring actions against Electrolux to recover those deductible amounts. Alternatively, Electrolux might move to join the policyholders pursuant to FRCP 19, if feasible, but those policyholders are not indispensable parties to this subrogation action by Plaintiffs.

The Supreme Court decision in *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 70 S.Ct 207 (1949), is the seminal case concerning the respective interests of insurers and insureds in cases of partial subrogation. In two of the several cases before the Court, "insurance companies, each of which has paid part of a claim of loss . . . bring suit in their own names, each asking recovery of the amount it has paid to the assured." *Id.* at 369. In such cases where

an insurer has paid only part of the loss, the Court recognized that "both the insured and the insurer . . . have substantive rights against the tortfeasor which qualify them as real parties in interest" pursuant to FRCP 17(a). *Id.* at 380-81.

> In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action.

*Id.* at 381. Under common law, subrogation rights could only be enforced "in the name of the insured to the insurer's use", but the Court concluded that there is no reason to require such a practice "in cases of partial subrogation, since both insured and insurer 'own' portions of the substantive right . . .". *Id.* Accordingly, the Court held that "either party may sue", and affirmed the appellate court reversal of the dismissals of the insurers' complaints. *Id.* at 381-83.

The Supreme Court noted that, although either the insurer or the insured in cases of partial subrogation may bring an action against the tortfeasor, that defendant may file a motion pursuant to FRCP 19 seeking to compel joinder of the other party (insurer or insured) who did not bring the action. *Id.* at 381-82. Nevertheless, the Court expressly observed that the insureds who were not yet joined to that case "are clearly not 'indispensable' parties" to the action brought by the partially subrogated insurers. *Id.* at 382, n. 19.

> [T]here will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nonetheless proceed in the action under Rule 19(b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions.

*Id.* at 382. Accordingly, the partially subrogated insurers in *Aetna Casualty* were allowed to proceed in their actions against the defendant without the need for joinder of their insureds.

Like the partially subrogated insurers in *Aetna Casualty*, each of the Plaintiffs in this litigation are "asking recovery of the amount it has paid", "own portions of the substantive right" to the extent of that payment, and "may sue" the tortfeasor. As the Court recommended in *Aetna Casualty*, the allegations of the Amended Complaint in this action "reveal and assert the actual interest of the plaintiff" (*i.e.*, the Amount of Loss) and "indicate the interests of any others in the claim" (*i.e.*, the Deductible). *Id.* at 382. Whether or not Electrolux moves to join the many policyholders under Rule 19, those policyholders (like the insureds in *Aetna Casualty*) are not "indispensable" parties to this action. Moreover, as indicated on Exhibit A to the Amended Complaint, many policyholders reside outside the jurisdiction and are not likely to be "persons who are subject to service of process" so that joinder would not be "feasible". FRCP 19.

Seventh Circuit decisions are consistent with the *Aetna Casualty* ruling. *Wadsworth v. United States Postal Service*, 511 F.2d 64 (7th Cir. 1975) involved a tort action arising from a vehicle collision with a postal service truck causing damages in the amount of $736.50. The insured driver was paid $676.50 by his insurer for the loss, over and above his $60 deductible. In contrast to both *Aetna Casualty* and the instant action (where insurers sued to recover only the amounts of their own payments), the insured in *Wadsworth* sued to recover both his deductible and the amount to which the insurer had become subrogated by virtue of its payments to the insured. *Id.* at 65. The District Court granted the defendant's motion to reduce the ad damnum to the amount of the insured's $60 deductible and held that the insurer's portion of the claim was time barred. *Id.* at 66. The Seventh Circuit reversed, holding that, although the insurer was a real party in interest under FRCP 17(a) to the extent of its payments, it was improper to reduce the ad damnum and bar the insurer's claim. *Id.* Citing *Aetna Casualty*, the *Wadsworth* court held that the proper procedure would require the defendant to move for joinder of the insurer

pursuant to FRCP 19, which joinder would relate back to the filing of the original pleading so that the interest of the insurer was not barred. *Id.* at 66-67. There was no dispute that the insured could proceed against the defendant and collect the amount of his deductible (which was, indeed, the position of the defendant and the outcome in the district court), even absent the insurer. That insured could not recover the amounts that had been paid by its insurer, however, with respect to which the insurer was the real party in interest.

In *Krueger v. Cartwright*, 996 F.2d 928 (7th Cir. 1993), the insured was a passenger in a vehicle collision and was compensated by her own insurer for economic loss benefits (medical expenses and lost wages) in the amount of $19,268.25. The insured then sued the driver of the vehicle for her uninsured losses and reached a settlement agreement in the amount of $75,000. The insurer sought to intervene and assert a lien upon the settlement. The district court allowed the insurer's intervention but denied the validity of its lien and dismissed its claim for want of jurisdiction. *Id.* at 929-30. The Seventh Circuit cited *Aetna Casualty* for the proposition that, in cases of partial subrogation, both the insured and the insurer are real parties in interest pursuant to FRCP 17(a) to the extent of their respective losses, and must sue in their own names in order to recover those losses *Id.* at 931-32. Although the insurer properly sought to join the action as a plaintiff, its state of incorporation was the same as the defendant's residence so that its joinder would destroy diversity. The court held that the insurer could not be joined as a necessary party under FRCP 19(a) because its joinder would deprive the court of subject matter jurisdiction. *Id.* at 932-33. The court also held, relying upon *Aetna Casualty*, that "where an insurer has become partially subrogated to the rights of an insured . . . , both are necessary but not indispensable parties under (then) Rule 19." *Id.* at 934. Accordingly, the court determined that the insurer was

"not an indispensable party within the meaning of Rule 19(b)", and reversed the grant of the insurer's motion to intervene. *Id.*

Both the Supreme Court decision in *Aetna Casualty* and the Seventh Circuit decision in *Krueger* were cited in *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 74 F.Supp.2d 221 (E.D. NY) (Weinstein, J.) as authority for the general rule in partial subrogation cases that the insured is not an indispensable party under Rule 19 and need not be joined in the subrogee's action against the tortfeasor. *Id.* at 235. "Under federal law, subrogees and subrogors are allowed to pursue their claims in separate actions." *Id.* (citing, *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 84 (4th Cir. 1973). Within the Seventh Circuit, *Balistreri v. The Richard E. Jacobs Group*, 221 F.R.D. 602, 604 (E.D. Wis. 2004), cited *Krueger* for the proposition that partial subrogees, although real parties in interest under FRCP 17, are not indispensable parties under FRCP 19. "Fed.R.Civ.P. 19 governs such issues as whether a partial subrogee should be joined as a party, how such joinder should be accomplished and whether a court should proceed in the absence of joinder." *Id.* Similarly, *United States Steel Corp. v. Scheuerle Fahrzeugfabrik GMBH*, 2010 WL 4318657 at *2 (N.D. Ind. 2010), citing *Krueger*, recently ruled that, "Although partially subrogated insurers are a real party in interest [under FRCP 17(a)] and necessary parties to the lawsuit, they are not indispensable parties." That same court also cited *Wadsworth* for the proposition that, absent a timely motion by the defendant to join the insurer, "the subrogor can proceed independently in the action". *Id.*

In support of its contention that this action must be dismissed due to the failure to join the many policyholders of the Plaintiffs, Electrolux principally relies upon *Hanover Ins. Co. v. Brandt Construction Co.*, 2011 WL 6648232 (C.D. Ill. 2011). Like Plaintiffs in this case, "Hanover is only partially subrogated to [its insured's] potential claim against [the defendant]."

*Id.* at *3. Critically, however, and contrary to the instant case, "Hanover is nevertheless seeking to recover damages from Brandt in excess of $346,317.77 to which it is subrogated, including the $25,000 deductible." *Id.* The Court held that, "in the present context of a partially subrogated insurer that is seeking damages in excess of the subrogated amount . . . [the insured] is a real party in interest based on Hanover's pursuit of damages beyond those to which it is subrogated and it should therefore be joined as a party to this action pursuant to Rule 17." *Id.* at *5. Unlike the partially subrogated insurer in *Hanover*, Plaintiffs in this case are *not* seeking to recover the deductibles of their insureds, or any damages in excess of the subrogated amounts of their payments. Accordingly, the instant action is analogous to and controlled by *Aetna Casualty* (in which partially subrogated insurers were not seeking to recover their insureds' deductibles and were allowed to proceed against the defendants without joinder of the insureds), and completely distinguishable from *Hanover*. Moreover, although the *Hanover* court cites *Aetna Casualty*, *Wadsworth*, and *Krueger*, it completely ignores the principle expressed in each of those "partial subrogation" opinions that real parties in interest under FRCP 17 need not be joined if they are not indispensable parties under FRCP 19, especially parties who are not subject to service of process (*Aetna Casualty*) or would deprive the court of subject matter jurisdiction (*Krueger*).

The other two cases cited by Electrolux also fail to provide any support for dismissal of this action. Both are diversity cases brought by insureds (not insurers) seeking recovery of the entire losses, even though they had been paid by their insurers and retained only small deductibles. In *Cars R U.S. Sales & Rentals, Inc. v. Ford Motor Co.*, 2009 WL 1703123 (N.D. Ill. 2009), the defendant filed a timely motion pursuant to FRCP 19(a) to join the insurer as a real party in interest under FRCP 17(a). The court granted the motion without any suggestion that the insurer was not subject to service of process or that its joinder would deprive the court of

subject matter jurisdiction. Similarly, in *Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*, 107 F.R.D. 357 (N.D. Ill. 1985), the court granted defendant's motion to join the partially subrogated insurer as a real party in interest under FRCP 17(a). *Id.* at 358. The court ruled that the insurer could be joined even if its absence would not impair its ability to protect its own interest or subject the defendant to a substantial risk of multiple or inconsistent obligations, which factors can be considerations for joinder under FRCP 19(a). *Id.* at 359-60. The court did *not* suggest that the insurer was an indispensable party under FRCP 19(b), however, without whose joinder the action should be dismissed. To the contrary, the court expressly stated:

> Of course, it is possible that joinder is not feasible because FM cannot be made subject to service of process or FM's party status would destroy this court's subject matter jurisdiction over this case. In that event the court would have to decide if FM is an indispensable party. Courts generally refer to Rule 19(b) to determine if a party whose joinder is required under Rule 17(a) should nevertheless not be joined because of infeasibility.

*Id.* at 361. The court found that joinder of that insurer was feasible. *Id.* The decisions in *Cars R U.S.* and *Carpetland* (joining insurers, rather than insureds) are not inconsistent with the principle expressed by the Supreme Court in *Aetna Casualty*, and endorsed by the Seventh Circuit in *Wadsworth* and *Krueger*, that insureds who are real parties in interest by virtue of their retained deductibles are *not* indispensable parties to tort actions brought by their partially subrogated insurers, which actions may proceed without joinder of those insureds.

## IV. THE REQUISITE DIVERSITY AND AMOUNT IN CONTROVERSY BOTH EXIST TO ESTABLISH FEDERAL SUBJECT MATTER JURISDICTION.

Initially, Electrolux argues that joinder of the many insureds is mandatory and that two of the insureds are not diverse so as to deprive the court of subject matter jurisdiction. Electrolux Memorandum at 14. As discussed at length above, however, controlling decisions of the Supreme Court in *Aetna* Casualty and the Seventh Circuit in *Wadsworth* and *Krueger* make it

abundantly clear that the insureds are *not* indispensable parties to this action which may proceed without their joinder. Indeed, the Circuit Court in *Krueger* expressly held that a non-diverse, partially subrogated insurer "was improperly joined as a party-plaintiff because its presence destroyed subject matter jurisdiction." 996 F.2d at 934.[2]

Second, Electrolux contends that Plaintiffs have "improperly aggregated the amounts in controversy" for their partial subrogation claims. The cases relied on by Electrolux stand only for the undisputed proposition that, where multiple plaintiffs join in a federal diversity action, each plaintiff must separately satisfy the amount-in-controversy requirement, and cannot aggregate its claims with those of the other plaintiffs in order to do so. It is equally indisputable that a plaintiff who joins multiple claims in an action against a defendant may aggregate the amounts of those claims in order to meet the amount-in-controversy requirement.

> A single plaintiff may join as many claims as it has against a particular defendant. See Rule 18(a), Fed.R.Civ.P. And it is settled that when such claims are properly joined, a plaintiff may also aggregate the damages sought in each claim to meet the amount-in-controversy requirement of §1332(a), even if no individual claim exceeds the jurisdictional amount.

*Allstate Ins. Co. v. Hechinger Co.*, 982 F.Supp. 1169, 1171 (E.D. Va. 1997) (subrogated insurer aggregated two separate house fire claims). See also, *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, *supra*, 74 F.Supp.2d at 238 ("a subrogee may aggregate its own claims to meet the amount-in-controversy requirement"); *Boston Post Road Medical Imaging, P.C. v. Allstate Ins. Co.*, 2004 WL 830154 at *3 (S.D. NY 2004) ("aggregation of claims is permitted under federal law within the context of subrogation"); *Nationwide Mutual Co. v. Ft. Myers Total Rehab Center, Inc.*, 657 F.Supp.2d 1279, 1286 (M.D. Fla. 2009) ("A single plaintiff [in that case,

---

2 In the event that the two non-diverse insureds were deemed to be indispensable parties (contrary to controlling case law), State Farm Fire & Casualty could voluntarily dismiss those two claims without prejudice pursuant to FRCP 41 and refile them in a different forum.

an insurer subrogated to multiple small claims] is permitted to aggregate all of his or her claims against a single defendant, regardless of relation to one another, when calculating the jurisdictional minimum."). The aggregate claims of each of the three Plaintiffs are well in excess of the jurisdictional amount, as reflected in Exhibit A to the Amended Complaint.

Finally, even if this court were to find (contrary to the controlling case law discussed above) that the many insureds were indispensable and must be joined as plaintiffs in this action, the Supreme Court has expressly held that this court may exercise supplemental jurisdiction over the claims of those insureds, even if those claims are for less than the jurisdictional amount. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 125 S.Ct. 2611, 2615 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, §1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.").

**CONCLUSION**

For the reasons stated herein, the motion to dismiss must be denied.

Dated: March 21, 2012

Respectfully submitted,

STATE FARM FIRE AND CASUALTY COMPANY,
STATE FARM GENERAL INSURANCE COMPANY,
STATE FARM LLOYD'S INSURANCE COMPANY

By: s/ Kevin M. Murphy

Terrence R. Joy – 1371509
William J. Hoffmann — 6211756
Kevin M. Murphy — 6181083
Michael J. Scola — 6302960
Jonathan J. Tofilon – 6301041
GROTEFELD HOFFMANN SCHLEITER
GORDON & OCHOA, LLP
311 WACKER, SUITE 4500
CHICAGO, ILLINOIS 60606
Phone: (312) 551-0200
Fax: (312) 601-2402
www. grotefeldhoffmann.com