**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE FARM LLOYDS; and STATE FARM FLORIDA INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | Case No. 1:11-cv-08946 |
| Plaintiffs, | ) ) | The Honorable Suzanne B. Conlon |
| v. | ) ) | JURY DEMAND |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
DISMISS OF DEFENDANT ELECTROLUX HOME PRODUCTS, INC.**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................ 4

I.  THE THREE STATE FARM ENTITIES ARE IMPROPERLY JOINED UNDER FED. R.
    CIV. P. 20(a) ...................................................................................................... 4

II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN
    EACH INSURED AS A PLAINTIFF ...................................................................... 7

   A.  The Insureds Are Real Parties In Interest Under Fed. R. Civ. P. 17 and Are Subject to
       Compulsory Joinder Under Fed. R. Civ. P. 19(a) .............................................. 7

   B.  The Insureds Are All Indispensable Parties Under Fed. R. Civ. P. 19(b) ......................... 9

III. THE COURT SHOULD DISMISS THIS ACTION AS AN IMPROPER AND
     UNMANAGEABLE AGGREGATION OF CLAIMS .................................................... 12

CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

Page(s)

CASES

*Abraham v. Volkswagen of America, Inc.*,
(2d Cir. 1986) ...................................................................................................... 6

*Ahern v. Board of Education*,
No. 92 C 4074, 1992 U.S. Dist. LEXIS 15546
(N.D. Ill. Oct. 9, 1992) ......................................................................................... 6

*Automobile Ins. Co. of Hartford v. Electrolux Home Products, Inc.*,
08-CV-00623(A)(M), 2001 U.S. Dist. LEXIS 40649
(W.D.N.Y. March 24, 2011) ............................................................................... 12

*Avery v. State Farm Mutual Automobile Ins. Co.*,
216 Ill. 2d 100, 835 N.E.2d 801 (2005) ............................................................. 13

*Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*,
107 F.R.D. 357 (N.D. Ill. 1985) .......................................................................... 8

*Cooley v. American Family Mutual Ins. Co.*,
Civil Action No. 08-cv-01041-WYD-MEH, 2008 U.S. Dist. LEXIS 91886
(D. Col. Nov. 3, 2008) ........................................................................................ 14

*Dayton Independent School District v. U.S. Mineral Products Co.*,
Civ.A. Nos. B-87-00507-CA, B-88-00429-CA, 1989 U.S. Dist. LEXIS 19134
(E.D. Tex. Feb. 14, 1989) ..................................................................................... 6

*Exxon Mobil Corp. v. Allapattah Services, Inc.*,
545 U.S. 546 (2005)............................................................................................ 14

*Green v. Board of the Mun. Emples*,
309 Ill. App. 3d 757 (2d Dist. 1999).................................................................. 13

*Hanover Ins. Co. v. Brandt Constr. Co.*,
Case No. 4:11-cv-4050, 2011 U.S. Dist. LEXIS 146432
(C.D. Ill. Dec. 21, 2011) ................................................................................... 7-8

*Kehr v. Yamaha Motor Corp.*,
596 F. Supp. 2d 821 (S.D.N.Y. 2008) .................................................................. 6

*Kirksey v. R.J. Reynolds Tobacco Co.*,
168 F.3d 1039 (7th Cir. 1999) ........................................................................... 13

ii

*Krueger v. Cartwright,*
    996 F.2d 928 (7th Cir. 1993) .......................................................................... 10

*Lanpar Techs. v. Luczak,*
    No. 85 C 7017, 1986 U.S. Dist. LEXIS 20518
    (N.D. Ill. Sept. 11, 1986) ............................................................................... 5

*Martinez v. Haleas,*
    No. 07 C 6112, 2010 U.S. Dist. LEXIS 31498
    (N.D. Ill. Mar. 30, 2010) ................................................................................ 5

*Pastor v. State Farm Mutual Automobile Ins. Co.,*
    No. 05 C 1459, 2005 U.S. Dist. LEXIS 22338
    (N.D. Ill. 2005) ............................................................................................. 14

*Provident Tradesmens Bank & Trust Co. v. Patterson,*
    390 U.S. 102 (1968) ....................................................................................... 9

*Reliance Insurance Co. v. Wisconsin Natural Gas Co.,*
    60 F.R.D. 429 (E.D. Wis. 1973) ..................................................................... 9

*Slater v. Watkins,*
    Civil No. 10-973-GPM, 2011 U.S. Dist. LEXIS 56877
    (S.D. Ill. May 27, 2011) ................................................................................. 5

*United States v. Aetna Cas. & Surety Co.,*
    338 U.S. 366 (1949) .................................................................................... 8-11

*United States Fire Insurance Co. v. HC-Rockrimmon, L.L.C.,*
    190 F.R.D. 575 (D. Col. 1999) .................................................................. 10-11

*Universal Underwriters Insurance Co. v. Tony DePaul & Sons, Inc.,*
    Civil Action No. 01-0631, 2001 U.S. Dist. LEXIS 15864
    (E.D. Pa. July 25, 2001) ........................................................................ 8, 10, 11

*Wadsworth v. United States Postal Service,*
    511 F.2d 64 (7th Cir. 1975) .......................................................................... 10

STATUTES

Fed. R. Civ. P. 12 ................................................................................................. 12

Fed. R. Civ. P. 17 ......................................................................................... *passim*

Fed. R. Civ. P. 19 ......................................................................................... *passim*

Fed R. Civ. P. 20 ......................................................................................... *passim*

Fed. R. Civ. P. 23 ......................................................................................... *passim*

Fed. R. Civ. P. 42 ......................................................................................................... 3, 12-13

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS OF DEFENDANT ELECTROLUX HOME PRODUCTS, INC.

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Amended Complaint of plaintiffs State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Lloyds (collectively, the "State Farm Entities" or "Plaintiffs").[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition demonstrates the extent to which the State Farm Entities have misapplied the applicable joinder rules in order to disregard the limitations inherent in their subrogation claims. If the Amended Complaint is allowed to stand in its present form, Electrolux will be precluded from pursuing its causation-related affirmative defenses in the vast majority of the individual subrogation claims asserted by the State Farm Entities. Thus, through their partial subrogation claims, the State Farm Entities seek to transform a garden-variety product liability action into a flawed proceeding that is both fundamentally unfair and prejudicial to Electrolux. By definition, subrogation is nothing more than a procedural mechanism, which allows an insurer to step into the shoes of its insured by bringing a claim up to the amount paid to the insured under its insurance policy. However, the mere fact that, as here, the subrogees assert a partial subrogation claim, does not in any way abrogate the application of the product liability laws of 33 different states,[2] and does not provide the subrogees with procedural or substantive rights greater than those its insureds would otherwise have. Yet, that is exactly what the State Farm Entities seek to accomplish.

---

[1] Plaintiff State Farm Florida Insurance Company voluntarily discontinued its claims against Electrolux in this action on March 20, 2012 (Dkt. No. 36) relating to a single insured who resides in Florida.

[2] In light of the discontinuance of State Farm Florida Insurance Company, Florida law will not be at issue.

Through an over-simplification of Federal Rules of Civil Procedure 17 through 20 and a misinterpretation of the applicable legal standards, Plaintiffs argue that they can aggregate in one proceeding individual partial subrogation claims brought as a result of separate payments made by three separate insurers to 210 separate insureds residing in 33 states who purchased, installed, used and maintained at different times, under different circumstances, one of a number of different types of clothes dryers manufactured by Electrolux. Until they attempted this procedural ploy, the State Farm Entities would bring single subrogation claims on behalf of each individual insured, filed in the insured's state of residence. In doing so, the insurers recognized that their partial subrogation claims could not be fully and fairly litigated in the absence of the insureds. In other words, it is not mere happenstance that a product liability subrogation dispute is typically filed in the jurisdiction where the insured resides. Otherwise, the alleged tortfeasor is deprived of its ability to assert and prove its defenses to liability predicated on the conduct of each individual insured, as the product user, because an out-of-state insured is beyond the subpoena power of the court. Plaintiffs' remarkable attempt here to circumvent governing product liability laws by turning their subrogation claims into a one-sided product defect case is unprecedented and unsupportable.

In its opening brief, Electrolux established that the State Farm Entities' new strategy end-runs the applicable joinder rules, in order to obtain the benefits of a class action, without the need to meet a class action's strict criteria for certification, including its manageability, fairness and satisfaction of the Rule 23 criteria (Electrolux Br. at 1-2, 5-10). Presumably acknowledging that this Circuit would not certify a 33-state product liability class action comprised of purchasers of Electrolux clothes dryers alleging similar state law product liability claims as

asserted here, the three State Farm Entities have constructed this novel mass subrogation

proceeding to attempt a tactic blatantly designed to avoid Rule 23's constraints.

The State Farm Entities completely fail to address the realities of product liability

disputes, arguing simply that this joinder of parties and claims is proper at the pleading stage,

and that all issues as to case management can be deferred through Rule 42(b) until the purported

"appropriate time." (Opp. Br. at 3-4.) However, this Court should reject plaintiffs' attempt to

avoid dismissal of the Amended Complaint, for several important reasons that can and should be

decided on the pleadings alone.

First, the three State Farm Entities cannot aggregate their respective claims in a single

proceeding, because the individual insureds' claims do not arise out the same transaction or

occurrence, or the same series of transactions or occurrences, thus making permissive joinder of

the three State Farm Entities improper. *See* Fed. R. Civ. P. 20(a). In the product liability

context, each invididual insured's conduct dictates that the applicable transactions or occurrences

are not identical.

Second, as the State Farm Entities concede (Opp. Br. at 1, 7-9), each of their subrogation

interests are not complete in light of the deductible separately paid by each insured, which was,

by their own admission, not reimbursed by the insurers. By definition, therefore, the State Farm

Entities are partial subrogees only. Thus, although the State Farm Entities are undeniably real

parties in interest, each individual insured also is a real party in interest under Fed. R. Civ. P.

17(a), as well as a required (or necessary) party under Fed. R. Civ. P. 19(a).

Third, contrary to Plaintiffs' claim, Electrolux cannot implead each insured to this lawsuit

in order to assert its liability defenses that go to the heart of the insured's conduct and the cause

of any dryer fire – *i.e.*, whether the dryer was properly installed, operated and maintained by the

insured. Other than the insureds who are identified in the Amended Complaint as residents of Illinois, this Court does not have personal jurisdiction over the vast majority of the insureds identified as residing in 32 other states. Moreover, because the bulk of the insureds allegedly reside outside of Illinois, they are not amenable to service of process nor the subpoena power of the Court, so it is not feasible that they be joined as parties under Fed. R. Civ. P. 19(a), as Plaintiffs essentially concede (Opp. Br. at 7).

Fourth, the individual insureds are "indispensable" parties under Fed. R. Civ. P. 19(b). There can be no legitimate dispute that a judgment in the absence of the insureds would prejudice Electrolux by requiring it to defend this action without being able to compel the insureds – the users of Electrolux's products – to testify as to how they installed, used and maintained their dryers. Moreover, the State Farm Entities have an alternative forum to bring their claims that is far superior and fairer to all parties than this Court – the courts of each state in which their insureds reside and where each alleged fire took place. As a result, this product liability action cannot in equity and fairness proceed in the absence of the insureds. Indeed, it would be highly anomalous for this case to proceed as filed when Electrolux could press its conduct-related affirmative defenses against only a small percentage of the insureds at issue.

Thus, the Amended Complaint as filed would lead to an absurd and unjustified result that is fundamentally unfair and prejudicial to Electrolux's ability to defend against Plaintiffs' allegations, and must be dismissed under Fed. R. Civ. P. 19(b).

## ARGUMENT

## I. THE THREE STATE FARM ENTITIES ARE IMPROPERLY JOINED UNDER FED. R. CIV. P. 20(a)

Plaintiffs' argument that the three remaining State Farm Entities are properly joined in this action pursuant to the permissive joinder of parties rule, Fed R. Civ. P. 20(a) (Opp. Br. at 4-

7), is incorrect and misapplies the federal standards governing joinder. The "logical relationship" test, relied upon by the State Farm Entities (*id.* at 5-6), is not applied by courts in the Seventh Circuit in determining permissive joinder issues under Rule 20.[3] Instead, courts apply the language of Rule 20, subject to comporting with "principles of fundamental fairness." *See Slater v. Watkins*, Civil No. 10-973-GPM, 2011 U.S. Dist. LEXIS 56877, at **5-6 (S.D. Ill. May 27, 2011) (internal citations and quotations omitted). *See also Martinez v. Haleas*, No. 07 C 6112, 2010 U.S. Dist. LEXIS 31498, at **9-11 (N.D. Ill. Mar. 30, 2010) (dismissing the case for improper joinder where the factual differences applicable to each plaintiff would be "confusing to the jury" and "prejudicial to defendants").

    As demonstrated in its moving brief (Electrolux Br. at 10-11), Electrolux has established that plaintiffs have failed to satisfy at least one of the two necessary requirements for joinder under the Rule 20 standard – that all of plaintiffs' claims relate to the "same transaction, occurrence, or series of transactions or occurrences" *and* that there is a question of law or fact common to all of the plaintiffs. *See* Fed. R. Civ. P. 20. Here, each of the claims brought by each of the State Farm Entities is a separate transaction or occurrence, under different factual circumstances, in different states, at different times and based on their respective insureds' use of different Electrolux products. The common product defect allegations do not transform these highly individualized product liability claims into the same transaction, occurrence or series of transactions or occurrences for purposes of the permissive joinder rule.

    The attempt to join the three State Farm Entities in a single proceeding is simply another transparent attempt to prop up a one-sided claim designed to strip Electrolux of its ability to

---

[3] The "logical relationship" test is only used by the Seventh Circuit to determine whether a claim is a compulsory counterclaim under Fed. R. Civ. P. 13. *See Lanpar Techs. v. Luczak*, No. 85 C 7017, 1986 U.S. Dist. LEXIS 20518, at **5-6 (N.D. Ill. Sept. 11, 1986) (stating that the "logical relationship" test is the "well established standard in this circuit" for "determining whether a claim and counterclaim arise from the same transaction or occurrence for purposes of Rule 13(a)").

assert affirmative defenses as to causation in a large majority of the asserted claims. The prejudice to Electrolux from this procedure is clear and undeniable. Moreover, not only would there be substantial jury confusion resulting from the individualized nature of each insured's claim, but the Amended Complaint will ultimately require 210 individual trials.

The cases cited by plaintiff do not support joinder under these circumstances. For example, in *Ahern v. Board of Education*, No. 92 C 4074, 1992 U.S. Dist. LEXIS 15546, (N.D. Ill. Oct. 9, 1992) (Opp. Br. at 5), a discrimination case, the court specifically stated that "[i]n discrimination suits, courts have focused on whether the alleged discrimination occurred as a result of the same policy espoused by the defendant." *Ahern*, at \*10. In contrast, as here, product liability claims have a significant focus on the conduct of the product user. Moreover, two of the cases cited by plaintiff, *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821 (S.D.N.Y 2008) and *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238 (2d Cir. 1986) (Opp. Br. at 5-6), are from the Second Circuit, which applies the different "logically related" transactions test to alleged automobile design defects. *See Kehr*, 596 F. Supp.2d at 827. As shown above, the logical relationship standard is not applied in the Seventh Circuit, which focuses on the conduct of the user in determining whether joinder would be fundamentally fair to the parties. Finally, *Dayton Independent School District v. U.S. Mineral Products Co.*, Civ.A. Nos. B-87-00507-CA, B-88-00429-CA, 1989 U.S. Dist. LEXIS 19134 (E.D. Tex. Feb. 14, 1989) (Opp. Br. at 5-6), is inapplicable because the product at issue in *Dayton* was asbestos, and the court described the "all too familiar … dilemma of managing a large number of asbestos-related cases," where a "case-by-case approach to the management of these [asbestos] cases is totally unacceptable." *See Dayton*, at \*3. Here, in contrast, alleged dryer liability cases are litigated on a case-by-case basis and do not involve the unique circumstances presented by asbestos litigation.

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO JOIN EACH INSURED AS A PLAINTIFF

### A. The Insureds Are Real Parties In Interest Under Fed. R. Civ. P. 17 and Are Subject to Compulsory Joinder Under Fed. R. Civ. P. 19(a)

The State Farm Entities concede that the insureds identified in Exh. A to the Amended Complaint are each partial subrogees, because the insureds have each paid the applicable deductibles on their policies and may have claims for any alleged damages over and above what they were paid by their insurer. (Opp. Br. at 7). The State Farm Entities also recognize that the insureds are real parties in interest under Fed. R. Civ. P. 17(a), irrespective of the size of their own claim or their desire to participate in a lawsuit to recover their deductible or any additional damages. (Opp. Br. at 7-13). As recently stated in *Hanover Ins. Co. v. Brandt Constr. Co.*, Case No. 4:11-cv-4050, 2011 U.S. Dist. LEXIS 146432, at *6 (C.D. Ill. Dec. 21, 2011), where an insured pays a deductible that is not reimbursed, the insured is only partially subrogated to the insured's substantive right of recovery, and "both insured and the insurer [own] portions of the substantive right and should appear in the litigation in their own names" (internal citations and quotations omitted). Plaintiffs' attempt to distinguish *Hanover* on the premise that the insureds are not seeking to recover their deductible payments simply misses the point (Opp. Br. at 11-12). By definition, the insureds are also real parties in interest and, as courts in the Seventh Circuit have recognized, are subject to mandatory party joinder in appropriate circumstances. *See Hanover*, 2011 U.S. Dist. LEXIS 146432, at *12-13.

Moreover, Plaintiffs do not seriously contest, as Electrolux demonstrated in its moving brief, that the Seventh Circuit recognizes Rule 17 as independent authority for mandatory joinder of partial subrogees under Rule 19(a). (Electrolux Br. at 13). *See Hanover,* 2011 U.S. Dist. LEXIS 146432 at **12-13 ("a non-diverse, partially subrogated real party in interest is subject to mandatory joinder under Rule 17 without consideration of Rule 19"); *Carpetland, U.S.A. v. J.L.*

*Adler Roofing, Inc.,* 107 F.R.D. 357, 359-361 (N.D. Ill. 1985) (Rule 17(a) is an *independent authority* for compulsory joinder, and therefore, joinder is required if feasible, regardless of whether the Rule 19(a)(2) prerequisites have been satisfied).

The main case relied on by the State Farm Entities, *United States v. Aetna Cas. & Surety Co.*, 338 U.S. 366 (1949), does not dictate a different result. First, *Aetna* considered when insurers, not insureds, can be considered as real parties in interest to the extent of their partial subrogation right. *Aetna* also makes clear, however, that the insureds are real parties in interest and "own" a portion of their substantive right, and must sue in their own name for all amounts of their alleged damages not paid by their insurer, including any deductible. *Id.* at 380-81. As stated in *Aetna*, "[t]he pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim" (*id.* at 382), which the Amended Complaint here fails to do. It also is noteworthy that cases applying *Aetna* under the post-1966 amendment to Rule 19 have held that joinder must be considered on a case-by-case basis, depending on the particular circumstances of the matter. *See, e.g., Universal Underwriters Insurance Co. v. Tony DePaul & Sons, Inc.*, Civil Action No. 01-0631, 2001 U.S. Dist. LEXIS 15864, at **4-5 (E.D. Pa. July 25. 2001).

Here, it is evident that the insureds are required parties under Fed. R. Civ. P. 19(a)(1), because in their absence, "the court cannot accord complete relief among existing parties." A pragmatic analysis of the Amended Complaint demonstrates that each insured is a required party, to prevent the State Farm Entities from misusing the subrogation procedure to create not just an unwarranted advantage in an otherwise routine product liability action, but to impose on this Court an impossibly unmanageable morass of unrelated claims that should not be adjudicated together.

As shown above, there is no way to litigate these product liability claims fully and fairly as presented in the Amended Complaint. The conduct of each insured/product user is essential to Electrolux's defense and each of the insureds is necessary to any fair adjudication of the State Farm Entities' subrogation claims to recoup payments made to those insureds.

### B. The Insureds Are All Indispensable Parties Under Fed. R. Civ. P. 19(b).

Because each of the individual insureds is a required (or in the more traditional parlance, "necessary") party under Rule 19(a), the Court must then determine whether joinder of these absentee parties is feasible, and if not, whether the court should find the individual insureds to be "indispensable," such that the litigation cannot proceed in their absence. Fed. R. Civ. P. 19(b). Whether the insureds in this matter are indispensable must be based on a pragmatic, case-by-case analysis, focusing ultimately on "equity and good conscience." *See Reliance Insurance Co. v. Wisconsin Natural Gas Co.*, 60 F.R.D. at 431-432 (noting that Rule 19(b) was extensively revised in 1966 – after *Aetna* – to "emphasize that *pragmatic* considerations should control the determination of the indispensability of parties whose joinder is in question.") (emphasis added); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968) (finding of indispensability can only be determined "in the context of particular litigation").

Joinder of an absent required party is "feasible" if that party is subject to service of process and if that party's joinder would not deprive the court of subject matter jurisdiction. Fed. R. Civ. P 19(a)(1). Other than the insureds who are identified in the Amended Complaint as residents of Illinois, this Court does not have personal jurisdiction over any of the insureds identified as residing in the 32 other states at issue. Undeniably, the insureds who allegedly

reside outside of Illinois are not amenable to service of process nor the subpoena power of the Court, so it is not feasible that they be joined as parties under Fed. R. Civ. P. 19(a).[4]

As a result, the Court must then determine whether this litigation should proceed or be dismissed in the absence of these insureds. In conducting this analysis, the Court is to analyze four factors in determining whether a party is indispensable: (1) "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;" (2) "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;" (3) "whether a judgment rendered in the person's absence will be adequate;" and (4) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *United States Fire Insurance Company v. HC-Rockrimmon, L.L.C.*, 190 F.R.D. 575, 577 (D. Col. 1999) (citing Fed. R. Civ. P. 19 and laying out factors); *Universal Underwriters Insurance Co. v. Tony DePaul & Sons, Inc.*, Civil Action No. 01-0631, 2001 U.S. Dist. LEXIS 15864, at **6-7 (E.D. Pa. July 25, 2001) (same).

These cases highlight the pragmatic and case-by-case analysis necessary under Rule 19 and demonstrate that Plaintiffs' reliance on *Aetna* for the absolute proposition that the insureds are not indispensable parties (Opp. Br. at 8) is misplaced.[5] In *HC-Rockrimmon*, the insurer of the general contractor who built a damaged apartment complex brought a subrogation claim against

---

[4] To the extent that adding any of the insureds as plaintiffs would defeat diversity jurisdiction, that would be a separate and independent basis for determining that joinder is not feasible under Fed. R. Civ. P. 19(a).

[5] The State Farm Entities' reliance on *Wadsworth v. United States Postal Service*, 511 F.2d 64 (7th Cir. 1975) and *Krueger v. Cartwright*, 996 F.2d 928 (7th Cir. 1993) is misplaced. *Wadsworth* merely stands for the proposition that an insurer should be joined when, as a partial subrogee, it has an interest in the claim. Under *Wadsworth*, the insureds that reside in Illinois should, therefore, be joined since there are no jurisdictional impediments. *Krueger*, on the other hand, ruled that the absent insurer should not be joined under Fed. R. Civ. P. 19(b), because under the facts of that case it was not deemed indispensable. Significantly, the lower court concluded that the insurer did not possess a valid subrogation claim.. *Krueger* stands in stark contrast to the application of the indispensable party rule here, where the State Farm Entities allegedly possess a valid partial subrogation claim and the absent insureds are indispensable in the context of a product liability dispute where their conduct is central to a resolution of Electrolux's causation-based affirmative defenses.

the defendant property owner, claiming that the owner was responsible for certain structural damage. Defendant sought to have the insured contractor added as an involuntary plaintiff in order to recover its diminished economic damages not covered by the insurer. *Id.* at 578. The court held that the contractor was a necessary party because complete relief was not available to defendant and there was a risk of inconsistent judgments. *Id.* at 577 (court stated that "[w]ith the difficult issues of negligence and causation … it is easy to imagine two courts coming to different conclusions"). The court further held that the contractor was an indispensable party under each of the four factors identified above. *Id.* at 578. In reaching its conclusions, the court disagreed that *Aetna* stood for the absolute proposition that neither the insurer nor the insured is an indispensable party in a partial subrogation case, and recognized that in a case that post-dated the 1966 amendments to Fed. R. Civ. P. 19, the determination of indispensability must be made "in equity and good conscience" based on a case-by-case analysis. *Id.* The *HC-Rockrimmon* court noted that the availability of a state court forum to resolve the entire case was an "important consideration" in a finding that the insured was an indispensable party. *Id.* at 577.[6]

Here, as in *HC-Rockrimmon* and *Universal*, the absent insureds are indispensable parties and therefore, "in equity and good conscience," the entire Amended Complaint must be dismissed as it currently stands. Historically, the State Farm insurer entity brought suit in the insured's jurisdiction, which meant the insured was clearly subject to discovery and could be compelled to testify at trial. As a result, under those circumstances, Electrolux has a fair opportunity to assert and seek to prove all of its affirmative defenses relating to the insured's conduct in installing, using and maintaining the clothes dryers at issue. In other words, the

---

[6] *See also Universal Underwriters Insurance Co.*, 2001 U.S. Dist. LEXIS 15864, at **7-8 (an insured building owner whose insurer was suing a contractor for property damage was an indispensable party in order to recover its deductible payment and additional damages; court noted that the availability of another forum to hear the dispute was a "particularly important factor in favor of dismissal where the issue arises at an early stage of the litigation").

subrogation claims asserted by each State Farm insurer honored the ability to completely resolve the product liability dispute. Indeed, Electrolux's affirmative defenses in every case include contributory negligence, assumption of the risk, and misuse of product, the assertion of which make it necessary for the insureds to be joined as plaintiffs or accessible in discovery and at trial for Electrolux to attempt to prove its defenses. *See, e.g., Automobile Ins. Co. of Hartford v. Electrolux Home Products, Inc.*, 08-CV-00623(A)(M), 2011 U.S. Dist. LEXIS 40649 (W.D.N.Y. March 24, 2011) (recognizing Electrolux's affirmative defenses, including contributory negligence, assumption of the risk and misuse of product, and refusing to dismiss these defenses).

Here, at least several of the factors that the Court must examine in determining whether the absent insureds are indispensable parties are satisfied. A judgment rendered in the absence of the insureds would prejudice Electrolux by requiring it to defend this action without being able to compel the insureds – the users of Electrolux's products – to testify as to how each of them installed, used and maintained their dryers. Moreover, the State Farm Entities have an alternative forum to bring their claims that is far superior and fairer to all parties than this Court, as has been the historical practice of the State Farm Entities – the courts of each state in which their insureds reside and where each alleged fire took place. Indeed, it would be highly anomalous for this case to proceed as filed when Electrolux could press its conduct-related affirmative defenses against only a small percentage of the insureds at issue. As a result, this product liability action cannot in equity and fairness proceed in the absence of the insureds.

## III. THE COURT SHOULD DISMISS THIS ACTION AS AN IMPROPER AND UNMANAGEABLE AGGREGATION OF CLAIMS

Plaintiffs argue in essence that Electrolux's motion to dismiss under Rule 12 is premature because it raises case management issues that should instead be dealt with pursuant to Fed. R.

Civ. P. 42(b) (Opp. Br. at 3-4.). However, there is simply no legitimate reason to delay a ruling

now on the pleadings. As discussed above, the facts alleged in the Amended Complaint and

referenced in Exh. A demonstrate that Electrolux's attempt at meaningful discovery of over two-

thirds of the insureds will be met with insurmountable jurisdictional problems from the outset.

These are not mere case management issues that can be effectively addressed down the road, as

plaintiffs suggest. Plaintiffs' reliance on Rule 42 continues their myopic analysis, which refuses

to acknowledge that in the product liability context, Electrolux's defenses can only be litigated

on an insured-by-insured basis. Because there are 33 different states laws at issue, and each of

the 210 insureds have their own distinct facts regarding product installation, use, operation and

maintenance, it would be fundamentally unfair and prejudicial to Electrolux to be forced to

defend this action in its present form.

Nowhere in their opposition do the State Farm Entities contest the individualized nature

of Electrolux's defenses and the prejudice that would result if Electrolux is forced to defend

against the claims asserted in the Amended Complaint in its present form.[7] The confusion and

unmanageability of the Amended Complaint is clear. As demonstrated by Electrolux in its

opening brief, the State Farm Entities are attempting to end-run the rules governing aggregation

of claims in the partial subrogation product liability context, in the hope of gaining the benefits

of class certification as to each of the underlying insureds and their claims, without

demonstrating why this case is appropriate for class certification – which it demonstrably is not

(Electrolux Br. at 5-10). Given the arguments against class certification that State Farm pressed,

---

[7]  Plaintiffs do not even attempt to contest this demonstration. By their silence, the State Farm  Entities waive any
argument that in the product liability context Electrolux's defenses are somehow not individualized and that the
inability to pursue them with respect to any insured/user would be irreparably prejudicial. *See, e.g., Green v. Board
of the Mun. Emples.*, 309 Ill. App. 3d 757, 762 (2d Dist. 1999) (dismissing complaint where plaintiff failed to
substantively respond to defendants' motion to dismiss); *see also, e.g., Kirksey v. R.J. Reynolds Tobacco Co.*, 168
F.3d 1039, 1041 (7th Cir. 1999).

and won on, in *Avery v. State Farm Mutual Automobile Ins. Co.,* 216 Ill. 2d 100, 835 N.E.2d 801 (2005) and *Pastor v. State Farm Mutual Automobile Ins. Co.,* No. 05 C 1459, 2005 U.S. Dist. LEXIS 22338 (N.D. Ill. 2005) (Electrolux Br. at 7-8), State Farm's attempt to aggregate claims without seeking class certification should be no surprise. However, the procedural ploy the State Farm Entities have attempted is inappropriate and unfair to Electrolux and improperly circumvents traditional surbrogation practice.[8]

Indeed, even as to those insureds who allegedly reside in Illinois, the Amended Complaint should still be dismissed, because separate trials would be required by virtue of the individualized evidence at issue, and it is simply impractical and fundamentally unfair for Electrolux to have to defend against these claims where there is such individuality in each insured's installation, use and maintenance of the clothes dryers at issues and such substantial risk of juror confusion and prejudice to Electrolux. As such, these are not issues that can simply be addressed in terms of case consolidation and management. The Court should recognize the morass in which the State Farm Entities seek to adjudicate this matter for what it is and dismiss the Amended Complaint.

## CONCLUSION

For the reasons stated herein and in Electrolux's memorandum in support of its motion to dismiss, the Amended Complaint should be dismissed in its entirety.

---

[8] Plaintiffs erroneously contend that even if all of the insureds are added as plaintiffs, the court may exercise supplemental jurisdiction over claims that do not meet the amount in controversy requirement, pursuant to 28 U.S.C. § 1367. (Opp. Br. at 15.). Exxon's citation to *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546 (2005), for this proposition is misplaced because unlike this case, *Exxon* is a class action, and plaintiffs have gone out of their way to avoid scrutiny under Rule 23. In a non-class action, as here, each plaintiff must individually meet the amount in controversy in order for the federal court to exercise supplemental jurisdiction over a particular claim. *See Cooley v. American Family Mutual Ins. Co.,* Civil Action No. 08-cv-01041-WYD-MEH, 2008 U.S. Dist. LEXIS 91886, at *24 (D. Col. Nov. 3, 2008) (stating that "a showing that the amount in controversy is satisfied only as to Plaintiff Cooley is not sufficient" because "each plaintiff [must satisfy] the amount in controversy requirement).

Dated:  March 30, 2012                    Respectfully Submitted,

                                          /s/ Michael J. Summerhill

                                          Michael J. Summerhill (ARDC No. 6274260)
                                          Matthew J. Kramer (ARDC No. 6283296)
                                          FREEBORN & PETERS LLP
                                          311 S. Wacker Dr., Suite 3000
                                          Chicago, Illinois  60606
                                          Tel: (312) 360-6382
                                          Fax: (312) 360-6594
                                          msummerhill@freebornpeters.com
                                          mkramer@freebornpeters.com


                                          Robert H. Shulman (*admitted pro hac vice*)
                                          David J. Abrams (*admitted pro hac vice*)
                                          Jaime L. Abraham (*admitted pro hac vice*)
                                          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
                                          1633 Broadway
                                          New York, New York 10019
                                          rshulman@kasowitz.com
                                          dabrams@kasowitz.com
                                          jabraham@kasowitz.com

                                          *Counsel for Defendant Electrolux Home Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that, on March 30, 2012, he caused a copy of the foregoing pleading to be served upon the following counsel of record through this Court's CM/ECF system.

Terrence R. Joy
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
150 South Fifth Stree
Minneapolis, Minnesota 55402
(612) 564-4884
tjoy@ghlaw-llp.com


William J. Hoffman
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
105 West Adams Street
Suite 2300
Chicago, Illinois 60603
wjh@ghlaw-llp.com

Jonathan J. Tofilon
Kevin M. Murphy
Michael J. Scola
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
407 South Third Street
Suite 200
Geneva, Illinois 60139
jtofilon@ghlaw-llp.com
kmurphy@ghlaw-llp.com
scola@ghlaw-llp.com

   /s/ Michael J. Summerhill