IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STATE FARM FIRE AND CASUALTY )
COMPANY *et al.*, )
)
Plaintiffs ) Civil Action No.: 11 C 8946
)
v. ) Suzanne B. Conlon, Judge
)
ELECTROLUX HOME PRODUCTS, INC., )
)
Defendant. )
)

**MEMORANDUM OPINION AND ORDER**

Three State Farm entities (State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Lloyds)[1] sue Electrolux Home Products, Inc., as subrogees and partial subrogees of more than 200 insured people in 33 states who suffered fires allegedly due to defective dryers manufactured by Electrolux. The complaint alleges products liability and negligence. The State Farm plaintiffs seek reimbursement from Electrolux of the amounts they paid to each of the insured for losses from the fires. State Farm Fire and Casualty Company asserts 173 claims for a total of approximately $9.5 million; State Farm General Insurance Company asserts 25 claims for a total of approximately $2.3 million; and State Farm Lloyds asserts 12 claims for a total of approximately $450,000. Federal jurisdiction is predicated on diversity, 28 U.S.C. § 1332(a). The State Farm plaintiffs are citizens of Illinois, California, and Texas; Electrolux represents it is a citizen of Delaware and North Carolina; and each plaintiff's

---

[1] A fourth plaintiff, State Farm Florida Insurance Company, voluntarily dismissed its claim and is no longer part of the case.

1

claims in the aggregate total more than $75,000. Electrolux objects to aggregating all these claims and plaintiffs in one lawsuit and asserts the individual policyholders should also be parties to the litigation. Accordingly, Electrolux moves to dismiss.

## I. Subject Matter Jurisdiction

Electrolux argues each of the insured claimants is a real party in interest under Fed. R. Civ. P. 17(a)(1) and must be joined to the lawsuit. If all of the insured are joined, diversity jurisdiction is destroyed because some of the insured share Electrolux's citizenship. Electrolux has not moved to join any of the insured.

The State Farm plaintiffs are only partially subrogated to the claims of their insured because the insurance companies paid only part of the loss from the fires. *Krueger v. Cartwright*, 996 F.2d 928, 931–32 (7th Cir. 1993). As detailed in the amended complaint, many of the insured paid a deductible. Illinois substantive law determines the type of interest the subrogor and subrogee have in the action, while federal procedural law determines whether the insured must be joined. *Cars R U.S. Sales & Rentals, Inc. v. Ford Motor Co.*, No. 08 C 50270, 2009 WL 1703123, at *2 (N.D. Ill. June 18, 2009) (Mahoney, Mag. J.). Under Illinois law, both the insurance company and the deductible-paying insured own a portion of the claim and may sue for recovery in their own names. *Id.* (citing Illinois law); *In re the Chicago Flood*, No 93 C 1214, 1993 WL 116756, at *1 (N.D. Ill. Apr. 15, 1993) (Conlon, J.). Both are real parties in interest under Rule 17(a) and both are considered necessary parties without having to meet the requirements of Fed. R. Civ. P. 19(a). *Wadsworth v. U.S. Postal Serv.*, 511 F.2d 64, 67 (7th Cir. 1975); *Hanover Ins. Co. v. Brandt Constr. Co.*, No. 4:11-cv-4050-SLD-JAG, 2011 WL 6648232, at *4–5 (C.D. Ill. Dec. 21, 2011) (Darrow, J.); *Carpetland, U.S.A. v. J.L. Adler Roofing, Inc.*, 107

F.R.D. 357, 359–60 (N.D. Ill. 1985) (Getzendanner, J.). The question still remains whether the deductible-paying insured are indispensable parties under Rule 19(b).

If the State Farm plaintiffs were seeking to recover the deductible in addition to the amount they paid under the policy, the deductible-paying insured would be required to join the lawsuit and their citizenships would be considered for diversity jurisdictional purposes. *Hanover*, 2011 WL 6648232, at *3; *Fed. Ins. Co. v. Your Homework, Inc.*, 280 F. Supp. 2d 844, 845–46 (N.D. Ill. 2003) (Shadur, J.). However, the State Farm plaintiffs do not seek to recover more than they paid out, so the citizenships of the insured are not automatically relevant. In this case, upon motion by Electrolux, the deductible-paying insured must be joined *if feasible*. *Wadsworth*, 511 F.2d at 67; *Carpetland*, 107 F.R.D. at 358–59. Joinder is feasible if an insured is subject to service of process and joinder will not deprive the court of subject matter jurisdiction. FED. R. CIV. P. 19(a)(1). Many of the deductible-paying insured cannot be feasibly joined because they are not subject to service of process by this court; others share citizenship with Electrolux and would destroy diversity.

The inquiry turns to Fed. R. Civ. P. 19(b), which requires the court to determine whether the case should proceed in the absence of the deductible-paying insured—that is, whether they are indispensable parties.[2] If the deductible-paying insured are indispensable parties and cannot be joined, the action may be dismissed. *See* FED. R. CIV. P. 12(b)(7). In *United States v. Aetna Casualty & Surety Company*, 338 U.S. 366 (1949), the Supreme Court dealt with an insurance

---

[2]Although it is possible some of the insured who live in Illinois could be joined, the court assumes all the insured cannot be feasibly joined for purposes of the indispensability analysis. A more searching inquiry into the feasability of joining the Illinois insured will be made if Electrolux moves to join them.

company that was partially subrogated to a claim against the United States. It noted that both the insured and the partially subrogated insurance company are necessary parties but "are clearly not 'indispensable' parties under the familiar test . . . that such parties have an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Id.* at 382 & n.19. The Supreme Court explicitly contemplated the possibility that a tortfeasor might face two separate suits by the insurer-subrogee and the insured-subrogor:

> It is true that under this rationale, there will be cases in which all parties cannot be joined because one or more are outside the jurisdiction, and the court may nevertheless proceed in the action under Rule 19(b). In such cases the United States, like other tortfeasors, may have to defend two or more actions on the same tort and may be unable to assert counterclaims and offsets against the original claimant upon unrelated transactions.

*Id.* at 382. After *Aetna*, Rule 19(b) underwent a substantial revision in 1966, making *Aetna* persuasive but not necessarily controlling. *See generally Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) (discussing 1966 amendments to Rule 19). Now, Rule 19(b) requires a pragmatic case-by-case assessment of whether the deductible-paying insured's absences require dismissal. *Bio-Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 452 (7th Cir. 1977); FED. R. CIV. P. 19, Advisory Committee Notes to the 1966 Amendments. Relevant factors include whether the deductible-paying insured or the existing parties would be prejudiced by a judgment in the absence of the insured, whether that prejudice could be lessened in any way, whether a judgment without the insured would be adequate, and whether the State Farm plaintiffs would have an adequate remedy if this action were dismissed. FED. R. CIV. P.

19(b); *Estate of Alvarez v. Donaldson Co., Inc.*, 213 F.3d 993, 995 (7th Cir. 2000). Dismissal, however, is not the preferred option. *Askew v. Sheriff of Cook County*, 568 F.3d 632, 634 (7th Cir. 2009).

Electrolux argues the insured are indispensable parties because they are necessary for Electrolux to assert its affirmative defenses of contributory negligence, assumption of the risk, and misuse of the product in order to fully resolve the product liability dispute. Electrolux contends that (with the exception of the Illinois insured) if the insured are not joined as parties, Electrolux will be unable to compel them to submit to discovery or to testify at trial.

Electrolux's argument is specious. The argument may have merit regarding severing the claims if discovery proves unworkable (a question the court does not presently decide). But Electrolux presents no case-specific circumstances that suggests the insured are indispensable parties so that nonjoinder requires dismissal of the case. First, if the State Farm plaintiffs had been completely subrogated to the insured's claims (as it appears they are in some cases where the insured did not pay a deductible), the insured would have no interest in the lawsuit and could not be made parties. *Cf. Aetna*, 338 U.S. at 380–81 ("If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name"); *Hanover*, 2011 WL 6648232, at *5 (noting possibility that insured assigned all its rights, including the deductible, to insurance company, which would make insured's presence as a party unnecessary). Yet Electrolux would still be able to assert its affirmative defenses against the State Farm plaintiffs. *Cf. Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) ("the term complete relief refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought" (internal quotation marks and

5

citation omitted)). Indeed, in the case Electrolux cites to show that it has asserted legitimate affirmative defenses before in product liability actions, the only plaintiff was the insurance company-subrogor; the insured was not made a party. *See Auto. Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, No 08-CV-00623(A)(M), 2011 WL 1434672 (W.D.N.Y. Mar. 24, 2011) (McCarthy, Mag. J.) (recommending denying plaintiff's summary judgment motion as to two of Electrolux's affirmative defenses). In *Automobile Insurance*, even though the insured was not a party, Electrolux was still able to assert its affirmative defenses.

The cases Electrolux cites are distinguishable. In *United States Fire Insurance Company v. HC-Rockrimmon, LLC*, an apartment complex suffered structural damages, and the building's owner held the general contractor responsible for damages for (1) repairs necessary to prevent further compromise to the building's structure and (2) the property's diminution in value. 190 F.R.D. 575, 576 (D. Colo. 1999) (Weinshienk, J.). The general contractor's insurance company paid the owner for the repairs but not for the diminution in value. The insurance company later determined the general contractor was not negligent and sued the building's owner to recover the amount paid for the repairs. *Id.* The owner wanted to assert a counterclaim against the general contractor for the diminished value of the property and sought to have the general contractor joined as an involuntary plaintiff, which would destroy diversity jurisdiction. *Id.* The district court concluded the general contractor was a necessary and indispensable party, focusing primarily on the fact that the owner would be forced to bring an action against the general contractor in state court and try twice "difficult issues of negligence and causation in the structural infirmity of a building" with the real possibility of inconsistent verdicts. *Id.* at 577. Electrolux has not posited a possible cause of action against any of the insured. Their absence

does not preclude Electrolux from asserting its affirmative defenses.

In *Universal Underwriters Insurance Company v. Tony DePaul & Sons, Inc.*, the plaintiff insurance company was only partially subrogated to its insured's claims, and the non-party insured (who would destroy diversity jurisdiction if joined) was claiming a right to reimbursement for the $90,000 deductible he paid. No. Civ.A. 01-0631, 2001 WL 1175146, at *1 (E.D. Penn. July 25, 2001) (Tucker, J.). The district court concluded the insured was a necessary and indispensable party because the insured expressed an interest in the prospective settlement between the insurance company and defendant, and the case could possibly affect a later action brought by the insured against defendant. *Id.* at *2–3. It would be difficult for the court to shape an appropriate judgment without the insured because defendant's liability to the insured, separate from the liability to the insurance company, would be unknown. *Id.* at *3. The complete case could be decided in the state courts. *Id.* By contrast, in this case, there is no indication that any of the insured who paid deductibles have pursued or plan to pursue a separate action against Electrolux to recover their deductibles, which range from $100 to $3000. A finding of indispensability based on the existence of an insured's cause of action, with no indication that the right will be exercised, would result in a *per se* rule that all insured must be joined in an action brought by partially subrogated insurance companies, contrary to the case-by-case analysis demanded by Rule 19(b).

In sum, Electrolux may compel the joinder of any deductible-paying insured who may feasibly be joined. But Electrolux has not shown the insured are indispensable parties.

## II. Joinder of Claims

Electrolux argues the complaint should be dismissed because the State Farm plaintiffs

may not aggregate these partial subrogation claims in a single lawsuit. Electrolux characterizes this lawsuit as an end-run around rules governing class certification, and asserts that allowing the case to proceed would result in "sprawling and unmanageable litigation that would be unfair and prejudicial." Moreover, Electrolux contends that if the complaint is not dismissed, the court will have to apply the laws of more than 30 states, and each of the 210 underlying claims require individual determinations as to liability.

Electrolux is off the mark. A plaintiff may bring as many claims as it has against a single defendant, whether or not the claims are related. FED. R. CIV. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Multiple claims against a defendant may require separate trials, *see* FED. R. CIV. P. 42(b), an issue the court does not decide today. But it is not a basis for dismissing a complaint.

### III. Joinder of Plaintiffs

Finally, Electrolux objects to the three State Farm plaintiffs joining their claims in a single proceeding. Electrolux argues each of the insurance claims is a separate transaction or occurrence, happening at different times, in different states, under different circumstances, and with different dryer products. Electrolux argues these differences make joinder of these plaintiffs improper under Fed. R. Civ. P. 20(a)(1).

Electrolux again overreaches in asking that the complaint be dismissed (with prejudice, nonetheless), for improper joinder of plaintiffs. The Federal Rules of Civil Procedure explicitly state that "[m]isjoinder of parties is not a ground for dismissing an action." FED. R. CIV. P. 21. Moreover, the State Farm plaintiffs have sufficiently alleged a right to relief from the same series of occurrences to allow the case to proceed at this stage of the litigation.

Fed. R. Civ. P. 20 governs the permissive joinder of parties. The three State Farm plaintiffs may join their claims against Electrolux in a single lawsuit if (1) their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). Any common question of law or fact will suffice; predominance is unnecessary. *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). Once these requirements are met, the court still retains significant discretion over whether joinder is appropriate. *Slater v. Watkins*, Civ. No. 10-973-GPM, 2011 WL 2116705, at *2 (S.D. Ill. May 27, 2011) (Murphy, J.). The court may consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Chavez v. Ill. St. Police*, 251 F.3d 612, 632 (7th Cir. 2001) (internal quotation marks and citation omitted).

The State Farm plaintiffs allege each of the fires was caused by common defects in the Electrolux dryers:

> (1) a component behind the drum that accumulates lint in direct proximity to the source of ignition, (2) combustible plastic components that accumulate lint and themselves provide additional fuel sources for fire, and (3) seals that fail to seal the drum from the cabinet and promote the accumulation of lint in direct proximity to the source of ignition.

Pl. Resp. at 4; Am. Compl. at ¶ 19. These purported defects, alleged to be common to all Electrolux dryer models, satisfy the same transaction or occurrence requirement based on the Second Circuit's reasoning in *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 251 (2d Cir. 1986).

In *Abraham*, the Second Circuit concluded it was an abuse of discretion for the district court to refuse to allow 75 plaintiffs to join their claims against Volkswagen. 795 F.2d at 251.

9

Each plaintiff owned a Volkswagen Rabbit from the model years 1975-79. *Id.* at 241. Although the plaintiffs did not all suffer the same type of damage to their cars, each alleged the damage was caused by "a single defective part, the valve stem seal." *Id.* The Second Circuit determined this single alleged defect satisfied the same transaction or occurrence requirement because the defect was part of "a series of logically related transactions." *Id.* at 251. The Southern District of New York applied *Abraham* to allow joinder of two plaintiffs who alleged the same design defects caused two different models of a Yamaha Rhino to tip over and injure them. *Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 822, 826-28 (S.D.N.Y. 2008) (McMahon, J.).

Electrolux argues *Abraham* is inapplicable because in determining whether claims were part of the same transaction, occurrence, or series of transactions or occurrences, the Second Circuit used a logical relationship test that the Seventh Circuit has not adopted. The Seventh Circuit has not interpreted the meaning of the same transaction or occurrence test in Rule 20(a). However, it has defined "transaction or occurrence" in the context of Fed. R. Civ. P. 13, using the logical relationship test. *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 470 (7th Cir. 2011). There is no reason why the Seventh Circuit would interpret the same words in Rule 13 and Rule 20 differently. *See Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000) (applying Rule 13(a) logical relationship test to Rule 20(a)); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (same). An alleged common defect in all the dryers provides enough of a connection for the three State Farm plaintiffs to proceed together at this stage of the lawsuit. Discovery related to the alleged design defect will be common to all 210 claims.

## IV. Conclusion

Although Electrolux's arguments might call for separate trials or severing some claims down the line, none require dismissal of the complaint. Electrolux's motion to dismiss is denied.

ENTER:

April 16, 2012

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge