IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM LLOYDS; | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:11-CV-08946 Honorable Suzanne B. Conlon |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) ) ) | |
| Defendant. | ) | |

**INITIAL DISCLOSURE OF STATE FARM GENERAL INSURANCE COMPANY PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW COMES Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, by and through its respective attorneys, and for its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's minute order of April 16, 2012, states as follows:

i. *The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims:*

*Carl King*
*Helen Haney*
*Fred Pauk*
*Steven Joerger*
*John Jergens*
*Brian Ripley*
*Dale Bowles*
*Dean Brindle*
*Edward Anderson*
*Michael Ricklefs*
*David Fuller*
Electrolux Home Products, Inc.

Upon information and belief, the above-identified individuals may have knowledge regarding the design, manufacture, testing, inspection, warranty records, and

marketing of Electrolux dryers and Electrolux "SmartChoice" flexible foil venting, as well as knowledge regarding Electrolux's investigation and handling of the subject claims and substantially similar claims against Electrolux.

**See also "Exhibit A" attached hereto, at columns "C," "D," and "E," for the identification of individuals and entities which may have personal knowledge concerning significant factual issues.** State Farm has also enclosed an electronic version of this Exhibit on compact disc.

In addition, those individuals identified in its claim files being produced pursuant to 26(a)(1)(A)(ii) *infra* as having provided estimates for the subject dwellings, contents, emergency services, cleaning, repair work and additional living expenses, and those employees of State Farm identified within the activity logs for each claim which have not been separately identified in Exhibit A, and which may have participated in some way in the claim process or subrogation investigation, may have discoverable information which State Farm may use to support its claims.

In accordance with Rule 26(a)(1)(E), State Farm is making its initial disclosure based on information reasonably available at this time. Further discovery developments may require the identification of additional individuals likely to have discoverable information.

ii. *A copy—or a description by category and location—of all documents, electronically stored information, and tangible things in its possession, custody, or control that may be used by it to support its claims*:

State Farm will be producing its claim files for each claim identified in Exhibit A to the Amended Complaint in this action, which include, but are not limited to, the following categories of information:

1. State Farm Payment Summary
2. State Farm Activity Logs
3. State Farm Dwelling Estimates
4. State Farm Contents Inventory Summaries
5. State Farm Damage Supports (including receipts, invoices and related correspondence)
6. State Farm Claim Photographs (including photographs of the fire scene, artifacts and damages)
7. Statements made by State Farm's subrogor or other fact witnesses (where available)
8. Local Fire Department Reports (where available)
9. Preliminary Investigative Reports and Photographs (where available)
10. Other Categories of Documents TBD by State Farm's Trial Team

**Documents relating to the above-identified categories of information are currently in the possession of Plaintiff's counsel and will be produced on**

**portable flash drives. These documents will be organized separately for each individual claim and identified by name of State Farm's insured.**

In addition, State Farm identifies the following documentation and tangible things within the possession of Plaintiff:

1. Subject Dryer Units and Related Artifacts (available for inspection upon request)
2. Documents Generated and Published by Electrolux Home Products, Inc., including but not limited to the following:
   a. Service Manuals Relating to the Dryer in Question or Similar Models
   b. Training Manuals Relating to the Dryer in Question or Similar Models
   c. Service Bulletins Relating to the Dryer in Question or Similar Models
3. Consumer Product Safety Commission Reports Relating to Dryers
4. Verified Copies of Policies of Insurance

In accordance with Rule 26(a)(1)(E), State Farm is making its initial disclosure based on information reasonably available to its counsel at this time. Further discovery developments may require the identification of additional relevant documents and/or tangible objects.

iii. *A computation of any category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered*:

**See also "Exhibit A" attached hereto, at columns "F," "G," "H," and "I."** The enclosed "Exhibit A" lists damage totals categorized by dwelling, contents and additional living expenses for each individual claim. State Farm has also enclosed an electronic version of this Exhibit on compact disc.

In accordance with Rule 26(a)(1)(E), State Farm is making its initial disclosure based on information reasonably available at this time. Further discovery developments and repair and replacement of damaged property may require the identification of additional relevant documents and/or tangible objects.

iv. *Provide to other parties for inspection and copying, as under Fed. R. Civ. P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment*:

Not applicable.

Respectfully submitted,

STATE FARM GENERAL INSURANCE COMPANY

By: s/William J. Hoffmann_____

Terrence R. Joy – 1371509
tjoy@ghlaw-llp.com
William J. Hoffmann – 6211756
whoffmann@ghlaw-llp.com
Kevin M. Murphy – 6181083
kmurphy@ghlaw-llp.com
Michael J. Scola – 6302960
mscola@ghlaw-llp.com
Jonathan J. Tofilon – 6301041
jtofilon@ghlaw-llp.com
GROTEFELD HOFFMANN SCHLEITER
GORDON & OCHOA, LLP
311 S. WACKER, Suite 4500
Chicago, Illinois 60606
Ph: (312) 551-0200
Fax: (312) 601-2402
www.grotefeldhoffmann.com

## CERTIFICATE OF SERVICE

To:   All counsel of record

I, William J. Hoffmann, hereby certify that a true and correct copy of the **Initial Disclosure of State Farm General Insurance Company Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure** has been served via CM/ECF transmission to the above identified individuals on April 30, 2012.

s/ William J. Hoffmann