**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE FARM LLOYDS; and STATE FARM FLORIDA INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:11-cv-08946<br>)<br>) The Honorable Suzanne Conlon |
| v. | )<br>) |
| ELECTROLUX HOME PRODUCTS, INC., | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT ELECTROLUX'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR INTERLOCUTORY APPEAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 5

I. ELECTROLUX'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED BECAUSE THE COURT MISAPPREHENDED THE FACTS AND CIRCUMSTANCES SUPPORTING ITS MOTION TO DISMISS ..................................... 5

   A. The Court's Decision on Electrolux's Motion to Dismiss .................................................. 5

   B. The Court Has Misapprehended the Applicable Facts in its Indispensability Analysis ................................................................................................................................ 6

   C. The Court Has Misapprehended the Extent of the Prejudice to Electrolux That Will Result From the Court's Decision ............................................................................... 8

II. ALTERNATIVELY, THE COURT SHOULD CERTIFY ITS OPINION AND ORDER FOR INTERLOCUTORY APPEAL AND STAY THE PROCEEDINGS ................................................................................................................ 11

CONCLUSION ............................................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ahrenholz v. Board of Trustees of the University of Illinois*,
   219 F.3d 674 (7th Cir. 2000) .................................................................................... 11

*Auto Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*,
   No. 08-cv-00623(A)(M), 2011 U.S. Dist. LEXIS 40649
   (W.D.N.Y. Mar. 24, 2011) ................................................................................... 6, 7

*Bayer Healthcare, LLC v. Norbrook Laboratories, Ltd.*,
   Case No. 08-C-0953, 2010 U.S. Dist. LEXIS 4805
   (E.D. Wis. Jan. 20, 2010) ................................................................... 11, 12, 13, 14

*Continental Ins. Co. v. Loewen Group*,
   1998 U.S. Dist. LEXIS 3615 (N.D. Ill. Mar. 16, 1998) ..................................... 8-9

*Garcia v. Sunbeam Corp.*,
   Case No. 92 C 4897, 1996 U.S. Dist. LEXIS 893
   (N.D. Ill. Jan. 30, 1996) ....................................................................................... 10

*Hanover Ins. Co. v. Brandt Constr. Co.*
   Case No. 4:11-cv-4050, 2011 U.S. Dist. LEXIS 146432
   (C.D. Ill. Dec. 21, 2011) ................................................................................. 12, 13

*Hansen Beverage Company v. Innovation Ventures, LLC*,
   Case No. 08-CV-1166-IEG (POR), 2010 U.S. Dist. LEXIS 18003
   (S.D. Cal. Feb. 25, 2010) ..................................................................................... 12

*Helman v. Alcoa Global Fasteners Inc.*,
   CV 09-1353 SVW (FFMx), 2009 U.S. Dist. LEXIS 64720
   (C.D. Cal. June 16, 2009) .................................................................................... 12

*Karwo v. CitiMortgage, Inc.*,
   Case No. 04 C 1944, 2005 U.S. Dist. LEXIS 24703
   (N.D. Ill. Mar. 21, 2005) ................................................................................... 2, 5

*Loughnane v. City of Chicago*,
   188 Ill. App. 3d 1078, 545 N.E.2d 150 (1st Dist. 1989) ................................. 10-11

*Mr. Dee's, Inc. v. Int'l Outsourcing Servs., LLC*,
   Case No. 08-C-457, 2008 U.S. Dist. LEXIS 93726
   (E.D. Wis. Nov. 3, 2008) ..................................................................................... 11

*Reliance Insurance Co. v. Wisconsin Natural Gas Co.*,
   60 F.R.D. 429 (E.D. Wisc. 1973) ........................................................................... 8

*Sterk v. Redbox Automated Retail, LLC,*
   672 F.3d 535 (7th Cir. 2012) ...................................................................................... 13

*United States Fire Insurance Company v. HC-Rockrimmon, LLC,*
   190 F.R.D. 575 (D. Colo. 1999) ................................................................................... 10

*United States v. Aetna Casualty & Surety Co.,*
   338 U.S. 366 (1949) ............................................................................................*passim*

*Wells Cargo, Inc. v. Transp. Ins. Co.,*
   Case No. 4:08-cv-00491-BLW, 2012 U.S. Dist. LEXIS 18508
   (D. Idaho Feb. 13, 2012) ............................................................................................. 12

**STATUTES**

28 U.S.C. § 1291 ................................................................................................................ 11

28 U.S.C. § 1292(b) .....................................................................................................*passim*

FED. R. CIV. P. 19(b) ....................................................................................................*passim*

Defendant Electrolux Home Products, Inc. ("Electrolux") respectfully submits this memorandum of law in support of its motion for reconsideration of the Court's April 16, 2012 Memorandum Opinion and Order (the "MTD Order") or, in the alternative, for certification of the MTD Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay of the proceedings.

### PRELIMINARY STATEMENT

Electrolux requests that the Court reconsider, or alternatively, certify for immediate appellate review, the MTD Order, which denied Electrolux's motion to dismiss the 210 individual and distinct product-liability claims joined by the three remaining State Farm plaintiffs.[1] If it stands, the MTD Order will effectively rewrite subrogation law by limiting Electrolux's fundamental right to compulsory process over each insured-subrogor and other witnesses and evidence that comprise the heart of these claims. There is no dispute that the vast majority of the 210 insureds who allegedly suffered a covered fire loss are beyond the subpoena power of the Court because they reside outside of Illinois, and no case management device can adequately cure such a critical deficiency.

Respectfully, the Court appears to have a fundamental misunderstanding as to Electrolux's primary argument, which misunderstanding arises from a mistaken belief that by retaining its ability to *plead* affirmative defenses directed to the insured's fault and causation, Electrolux would suffer no prejudice in its defense, even in the absence of any ability to *compel* *testimony* from each insured and other key witnesses as to the installation, use, and maintenance of each of the dryers at issue. This misunderstanding led to an error "not of reasoning but of

---

[1] Plaintiffs are State Farm Fire and Casualty Company, State Farm General Insurance Company and State Farm Lloyds (collectively, the "State Farm Entities").

apprehension,"[2] which merits reconsideration of the MTD Order. Every other product-liability-related subrogation case Electrolux has ever defended has been litigated on a claim-by-claim basis, either with the insured as a co-party plaintiff and/or filed in the jurisdiction of the insured. Compulsory process, therefore, was not an issue. In contrast, the aggregation here of over 200 disparate partial subrogation claims from 33 different states is the only case in which Electrolux is not able to compel testimony from each injured party/insured, as well as other identifiable witnesses residing outside of Illinois, to rebut any product-defect argument and establish the validity of its affirmative defenses. The Court has seemingly failed to recognize that an aggregation in this manner prejudices Electrolux by unfairly denying it the opportunity to present a full and complete defense to plaintiffs' allegations.

There is no question that the State Farm Entities paid under each respective homeowner's policy simply on the basis of a contractually covered loss as a result of a fire, without any determination under prevailing tort concepts as to whether Electrolux's dryers proximately caused any fire, or as to whether the insureds were responsible in whole or in part. In stating that Electrolux would still be able to "assert its affirmative defenses against the State Farm plaintiffs" (Docket No. 49 at 5), the Court misapprehended a critical aspect of Electrolux's argument as to why the insureds are not simply necessary parties in the partial-subrogation context, but also are indispensable under FED. R. CIV. P. 19(b). Electrolux's ability to assert affirmative defenses against the State Farm Entities is *not* the operative inquiry. The focus of Electrolux's discovery and ultimate proof at trial regarding its affirmative defenses, although directed at the State Farm Entities as the party plaintiffs, is dependent on documents and testimonial proof from each insured, the users of the dryers, the local fire investigation, as well as any other evidence local to

---

[2] *See Karwo v. CitiMortgage, Inc.,* Case No. 04 C 1944, 2005 U.S. Dist. LEXIS 24703, at *4 (N.D. Ill. Mar. 21, 2005).

each individual fire (including the dryer itself), whether or not the insureds and other witnesses reside in Illinois. There can be no reasonable dispute that Electrolux's ability to obtain this type of discovery is critical to its right to a fair trial, and Electrolux cannot be subjected to an inherently unfair and prejudicial procedural posture in which its ability to defend itself effectively will largely depend on the happenstance of where each particular insured resides. The Court surely did not intend to create such an unfair and irreconcilable distinction among two different classes of partial subrogees whose claims have been aggregated in this proceeding.

Indispensability also is not dependent on whether any individual insureds may or may not "pursue a separate action against Electrolux to recover their deductibles," regardless of the amount paid. (Docket No. 49 at 7). Thus, although the payment of the deductible by each insured makes them real parties in interest to this dispute, whether an insured decides to seek recovery of a deductible paid is not the proper indispensability inquiry. The Court has failed to consider that the pragmatic case-by-case analysis called for by the 1966 amendments to FED. R. CIV. P. 19(b) should take into account State Farm's sudden about-face in bringing this partial subrogation case for the first time in a forum with no nexus to the underlying individual facts for the large majority of the claims, where compulsory access to those facts is vital to a fair trial on the merits. It is the prejudice to Electrolux from the denial of compulsory access to 158 insureds residing outside of Illinois in addition to numerous additional out-of-state witnesses and related evidence which makes FED. R. CIV. P. 19(b) directly applicable here.[3]

---

[3] The Court itself left open the question as whether a severance of claims may be necessary if discovery proves unworkable. (Docket No. 49 at 5). As such, if the Court adheres to its ruling that the Amended Complaint in its present posture should not be dismissed, Electrolux will seek the severance and transfer of each individual underlying claim to the District Court of the state where each insured resides, where each underlying fire took place, where all the witnesses to the circumstances of the installation, use and maintenance of the dryer will presumably be located, and whose law will need to be applied in any event.

3

The Court's determination that this case may nonetheless proceed to discovery as presently pled is counter to the controlling weight of authority in the Seventh Circuit, and presents an issue of law as to which there is substantial grounds for difference of opinion. Accordingly, in the absence of reconsideration by the Court, this new attempt to refashion the orderly litigation of subrogation claims in such a vast and unwieldy case involving a host of novel issues is ripe for certification for interlocutory appeal to the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

Requiring appellate review of the propriety of the Amended Complaint to await resolution of each of the more than 200 individual claims at issue would take many years, cause all parties to incur great expense, and would likely result in the mistrial and subsequent retrial of many, if not all, of the underlying claims, because Electrolux cannot fairly and adequately defend itself and prove its affirmative defenses relating to each insured's conduct that resulted in the underlying fires. Therefore, an interlocutory appeal of the MTD Order would materially advance rather than delay the resolution of this litigation. The Court's misstated determination that each insured is not an indispensable party even if he or she resides outside of Illinois, is a controlling and contestable issue of law. In light of the misunderstanding revealed by the Court's MTD Order and the fundamental prejudice facing Electrolux as a result, it is appropriate to request the Court of Appeals to hear an interlocutory appeal, to prevent Electrolux from facing further prejudice by waiting for a final judgment in each of the 210 claims at issue before it can seek appellate review.

## ARGUMENT

### I. ELECTROLUX'S MOTION FOR RECONSIDERATION SHOULD BE GRANTED BECAUSE THE COURT MISAPPREHENDED THE FACTS AND CIRCUMSTANCES SUPPORTING ITS MOTION TO DISMISS

#### A. The Court's Decision on Electrolux's Motion to Dismiss

Reconsideration is appropriate where: (1) "a court has patently misunderstood a party;" (2) the court has "made a decision outside the adversarial issues presented;" (3) the court has "made an error not of reasoning but of apprehension;" or (4) there has been a "significant change in the law or facts since the court's decision." *See Karwo,* 2005 U.S. Dist. LEXIS 24703, at *3. Here, the MTD Order, as issued, reflects that the Court seems to have misunderstood Electrolux's argument as to the indispensability of the insureds as parties, and made an error of "apprehension" as to how Electrolux must prove its affirmative defenses, by addressing each insured's conduct without the ability to compel the testimony of insureds and all other pertinent witnesses who reside outside of Illinois, and whose alleged dryer fires took place outside of Illinois.

The Court acknowledged that the insureds were real parties in interest to the extent they each paid a deductible on their claims, but under FED. R. CIV. P. 19(b), they could only be joined if "feasible." (Docket No. 49 at 3). The Court then recognized many of the insureds could not feasibly be joined because they are not subject to service of process, and naming them as parties would eliminate the Court's diversity jurisdiction. (*Id.*). The Court then cited *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366 (1949), for the proposition that neither the insured nor the insurer are indispensable parties, and an alleged tortfeasor might have to face separate suits from both (Docket No. 49 at 4). The Court has failed to appreciate that the risk of separate suits is not the issue here, and has no bearing on the analysis of indispensability in the present context.

5

To that end, the Court purported to apply the pragmatic, post-*Aetna* Rule 19(b) indispensability factors, but mistakenly held that Electrolux "presents no case-specific circumstances that suggests the insured are indispensable parties so that nonjoinder requires dismissal of the case." (MTD Order at 5). In so holding, the Court compounded its misapprehension of the present circumstances by stating that another case cited by Electrolux – *Auto Ins . Co. of Hartford v. Electrolux Home Prods., Inc.,* No. 08-cv-00623(A)(M), 2011 U.S. Dist. LEXIS 40649 (W.D.N.Y. Mar. 24, 2011) – confirmed that Electrolux could still maintain and assert its affirmative defenses even without the insureds being named as parties. (MTD Order at 6). The Court noted that "Electrolux may compel the joinder of any deductible-paying insured who may feasibly be joined" but "Electrolux has not shown the insured are indispensable parties." (*Id.* at 7). However, the Court did not take into account the unique factual circumstances presented by the State Farm Entities' first-ever attempt to pursue aggregated subrogation claims in a manner that precludes Electrolux from access as of right to each insured. The far-reaching ramifications of the MTD Order in overturning existing subrogation practice merit reconsideration.

**B.     The Court Has Misapprehended the Applicable Facts in its Indispensability Analysis**

The MTD Order makes clear that the Court has failed to recognize the novel nature of the Amended Complaint and the extent to which it turns standard subrogation practice on its head by aggregating numerous claims from numerous jurisdictions in a single proceeding. The Court's decision appears to have been predicated on a misapprehension of the extent to which the ability to compel testimony from each insured is critical to Electrolux's right not just to assert, but to prove, its affirmative defenses, and how the insureds are indispensable to that proof. The Court's conclusion that this issue is not one requiring dismissal, and if anything, would be a severance

6

argument later in the discovery process (Docket No. 49 at 5), misses the point. First, the cases cited by plaintiff and the Court, including *Aetna*, address whether the *insurer* is a necessary and indispensable party when the *insured* brings the lawsuit. Yet the opposite is true here – the insurer has brought suit without joining the insureds. Indeed, the history of these types of subrogation cases, as demonstrated in the *Hartford* case cited by Electrolux, underscores this point. Prior to this case, where the State Farm Entities had always brought their alleged dryer-defect subrogation claims in the jurisdiction of the insured, there was never an issue as to whether the insured should be joined as a party. *Hartford* stands for the critical proposition that, in a subrogation case, the alleged tortfeasor's affirmative defenses directed to proximate cause and fault are an integral component of the case. *Hartford* did not address indispensability or joinder because, like in every other prior subrogation case brought by the State Farm Entities against Electrolux, the court had personal jurisdiction and subpoena power over the insured and Electrolux could establish its affirmative defenses.

In contrast, the State Farm Entities have purposely constructed a case in which, other than the Illinois claims, the claims have been brought in a court without jurisdiction or subpoena power over the vast majority of the insureds, and which makes the availability of certain causation-related discovery subject not only to the whim of whether the insureds living out-of-state choose to cooperate, but also to whether federal courts from which the subpoenas issue choose to enforce them. Fundamental fairness, however, demands that the cases be brought in a jurisdiction where the court has judicial power to compel the insured and others to, in an orderly fashion, produce discovery and offer testimony that Electrolux can use in support of its defenses. In order for it to obtain complete relief, Electrolux should not be hindered in its ability not just to assert, but to prove, its affirmative defenses, which, as in most product-liability cases, center on

7

the issues of causation and fault. The Court has seemingly failed to recognize that, while State Farm's insurance policy obligated them to pay the insureds for their fire damage without any regard to fault or other circumstances, this is not true of a manufacturer sued for an alleged product defect. Here, Electrolux has the right to prove not only that its dryers are not defective, but that the fire damage occurred as a result of negligence or misconduct by a third party, which includes the insured. The Court's conclusion that Electrolux can join some of the insureds (*i.e.*, the Illinois insureds) if feasible is evidence of its misapprehension of the circumstances: the Court would have no rational reason for allowing Electrolux to prove its defenses relating to fault only as to the claims of insureds residing in Illinois, while at the same time preventing Electrolux from doing so as to all the remaining claims.

    **C.    The Court Has Misapprehended the Extent of the Prejudice to Electrolux That Will Result From the Court's Decision**

As the Court recognized, in determining whether a case should be dismissed for failure to join an indispensable party, FED. R. CIV. P. 19(b) requires a pragmatic, case-by-case analysis, focusing ultimately on "equity and good conscience." *See Reliance Insurance Co. v. Wisconsin Natural Gas Co.*, 60 F.R.D. 429, 431-432 (E.D. Wisc. 1973) (noting that Rule 19(b) was extensively revised in 1966 – after *Aetna* – to "emphasize that *pragmatic* considerations should control the determination of the indispensability of parties whose joinder is in question.") (emphasis added). In determining whether a party is indispensable, there are four factors for the court to analyze: "(1) the extent to which a judgment rendered in the absence of a necessary party might be prejudicial to that person or to those already parties; (2) the extent to which the prejudice can be lessened or avoided by shaping the judgment; (3) whether judgment rendered in the necessary person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Continental Ins. Co. v. Loewen*

8

*Group*, 1998 U.S. Dist. LEXIS 3615, 39-40 (N.D. Ill. Mar. 16, 1998) (analyzing Rule 19(b) factors and dismissing action for failure to join an indispensable party).

Here, the Court misapprehended the extent of the prejudice to Electrolux resulting from allowing this action to proceed to discovery in its current posture. First, the Court has failed to recognize that a judgment rendered in the absence of the insureds would be highly prejudicial to Electrolux, because even if the insureds are not likely to bring their own lawsuits for the small deductible amounts at issue, Electrolux faces real prejudice in not being able to prove its affirmative defenses, irrespective of its ability to assert them, as discussed above.

Second, the Court misunderstood that there is no way to lessen the prejudice against Electrolux in this action if it proceeds as a single consolidated action, because the Court cannot compel the testimony of the insureds and other witnesses to the various fires in the 32 states at issue in addition to Illinois. Third, a judgment without the insureds will not be adequate, because Electrolux faces the possibility of defending numerous claims where the insureds cannot be compelled to participate in discovery. And, lastly, the Court seemingly ignored the fact that, if the Court were to dismiss this action, the State Farm Entities would not only have an adequate remedy by bringing their subrogation claims in a different court, but would merely be required to assert subrogation claims as they historically have done, with cases filed in each insured's home jurisdiction.

Although the Court may have believed it was applying a pragmatic approach under FED. R. CIV. P. 19(b), it is clear that it did so under an erroneous framework. Thus, the Court misapplied *Aetna* and improperly distinguished the cases cited by defendant. In *Aetna*, as discussed above, the issue was whether, in a partial subrogation case, the *insurer* can be considered a real party in interest as well as an indispensable party. The Court focused on the

9

fact that *Aetna* contemplated the possibility that, under its ruling, a tortfeasor might face two separate suits, one by the insurer-subrogee and the other by the insured-subrogor. (Docket No. 49 at 4). However, Electrolux has not argued that the insurers must be joined to avoid duplicative suits; instead, Electrolux has argued that, without joining the insureds, Electrolux will be prejudiced by being unable to prove its causation-based affirmative defenses, which would not be the case in the absence of the insureds. Therefore, the Court's conclusion that *Aetna* is still persuasive authority in this context after the 1966 amendments to FED. R. CIV. P. 19(b), (*Id.*), is flawed.

The Court also improperly distinguished *United States Fire Insurance Company v. HC-Rockrimmon, LLC,* 190 F.R.D. 575 (D. Colo. 1999), as cited by Electrolux, which supports Electrolux's argument regarding the necessity of the insureds being joined as indispensable parties, and misunderstood the extent of the prejudice to Electrolux from the failure to join the absent insureds as plaintiffs. *See HC-Rockrimmon*, 190 F.R.D. at 577 (holding that the general contractor was an indispensable party under FED. R. CIV. P. 19(b) because without the contractor, full relief could not be afforded to defendant). Electrolux is not pursuing State Farm with affirmative defenses directed to its conduct in connection with fault or causation. Thus, the Court's conclusion that Electrolux can assert its affirmative defenses does not address its ability to *prove* those defenses, and its inability to do so is highly prejudicial and unfair to Electrolux. *See Garcia v. Sunbeam Corp.,* Case No. 92 C 4897, 1996 U.S. Dist. LEXIS 893, at *8 (N.D. Ill. Jan. 30, 1996) (holding that the spoliated evidence, which "at least a portion of [defendant's] defense" was based on, caused defendant to be unfairly prejudiced because it "preclude[d] [defendant from] proving a complete defense to the allegations of product liability and negligence"); *Loughnane v. City of Chicago*, 188 Ill. App. 3d 1078, 1085, 545 N.E.2d 150, 155

(1st Dist. 1989) (ordering a new trial because the exclusion of evidence which was relevant to defendant's defense "prejudiced defendant's right to present its defense"). *See also Mr. Dee's, Inc. v. Int'l Outsourcing Servs., LLC*, Case No. 08-C-457, 2008 U.S. Dist. LEXIS 93726, at *5 (E.D. Wis. Nov. 3, 2008) (noting that the risk of prejudice to defendant "arising from an inability to access key information and witnesses" is substantial).

## II. ALTERNATIVELY, THE COURT SHOULD CERTIFY ITS OPINION AND ORDER FOR INTERLOCUTORY APPEAL AND STAY THE PROCEEDINGS

While, in general, only final judgments are appealable, 28 U.S.C. § 1291, in certain circumstances, courts will permit an interlocutory appeal from a non-final judgment if the party first petitions the district court for certification to appeal. 28 U.S.C. § 1292(b). There are four statutory criteria for the Court to analyze in determining whether to grant certification: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *See Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original); *see also Bayer Healthcare, LLC v. Norbrook Laboratories, Ltd.*, Case No. 08-C-0953, 2010 U.S. Dist. LEXIS 4805, at *5 (E.D. Wis. Jan. 20, 2010) (same).

Electrolux has satisfied all of these criteria for certification by this Court. For the first factor, an issue or question of law references "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and should be a "pure" question, meaning one that "the court of appeals could decide quickly and cleanly without having to study the record." *See Ahrenholz*, 219 F.3d at 676-677. Here, the Court stated that to grant Electrolux's motion would be to establish a "per se" rule for indispensability (Docket No. 49 at 7). To the contrary, under a correct application of Electrolux's argument, the Court should apply

11

a "pragmatic" approach to the circumstances of a given case. Respectfully, the Court failed to do that here.

The second factor requires that the issue of law be "controlling," meaning that its resolution is "quite likely to affect the further course of the litigation, even if not certain to do so." *See Bayer*, 2010 U.S. Dist. LEXIS 4805, at *11. Here, the controlling issue of law is whether the individual insureds are indispensable parties such that their nonjoinder requires dismissal of the case. *See, e.g., Wells Cargo, Inc. v. Transp. Ins. Co.*, Case No. 4:08-cv-00491-BLW, 2012 U.S. Dist. LEXIS 18508, at **4-5 (D. Idaho Feb. 13, 2012) ("A question of law is controlling when 'resolution of the issue on appeal could materially affect the outcome of the litigation in the district court'" which "typically involves fundamental determinations like who are the necessary proper parties, whether jurisdiction is proper, or whether state or federal law applies") (internal citations omitted); *Hansen Beverage Company v. Innovation Ventures, LLC*, Case No. 08-CV-1166-IEG (POR), 2010 U.S. Dist. LEXIS 18003, at **7-8 (S.D. Cal. Feb. 25, 2010) (noting that a "determination of who are necessary and proper parties" is a "controlling question of law") (internal citations and quotations omitted); *Helman v. Alcoa Global Fasteners Inc.*, CV 09-1353 SVW (FFMx), 2009 U.S. Dist. LEXIS 64720, at *16 (C.D. Cal. June 16, 2009) (same).

In order to satisfy the third factor for certification, the issue must be contestable, meaning there must exist "substantial grounds for a difference of opinion" regarding the issue. *See Bayer*, 2010 U.S. Dist. LEXIS 4804, at *12 The issue regarding indispensable parties is certainly contestable, as evidenced by the previous claim-by-claim dryer subrogation cases filed by State Farm compared with this aggregated case, as well as *Hanover Ins. Co. v. Brandt Constr. Co.* Case No. 4:11-cv-4050, 2011 U.S. Dist. LEXIS 146432 (C.D. Ill. Dec. 21, 2011). Before this

12

case, there was no inconsistency or issue in the way partial subrogation cases involving dryer fires were brought. Because the cases were filed in the insured's jurisdiction, it was unnecessary to add the insureds as parties, because they were already subject to the court's jurisdiction and subpoena power. In this case, plaintiffs have aggregated multiple claims from multiple jurisdictions, and filed all of the claims in the Northern District of Illinois. *Hanover* clearly states that in similar circumstances, the insureds are real parties in interest and should be joined in the litigation. 2011 U.S. Dist. LEXIS 146432, at *6. The Court has never before looked at this type of case from an indispensable-party perspective, and the aggregation of multiple jurisdictional claims is both inconsistent and irreconcilable with *Hanover*. Because this is the first case brought in this fashion, the Seventh Circuit should be authorized to hear this issue and determine whether claims of insureds outside of Illinois can proceed in an aggregated action in this Court without the insureds either being joined as necessary parties if feasible or, if not, having their individual claims dismissed in favor of an alternative forum where the insureds reside.

Lastly, the fourth factor for certification requires that the appeal would "materially advance the litigation." *See Bayer,* 2010 U.S. Dist. LEXIS 4804, at *12. If Electrolux prevails on the appeal, the case would be dismissed or, at minimum, would require the new trial of many, if not all, of the underlying claims in a venue where Electrolux has compulsory access to the insureds, other witnesses, and all evidence. As a result, an interlocutory appeal would materially advance rather than delay the resolution of the litigation, because it will determine at the outset the proper forum to litigate partial subrogation claims relating to insureds outside the Court's jurisdiction. *See Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (noting under this factor the appeal need only possibly advance the termination of the litigation);

13

*Bayer,* 2010 U.S. Dist. LEXIS 4805, at *13 (substantially narrowing the issues satisfies this factor).

Simply put, the MTD Order should be certified for immediate appellate review, because the issue of the indispensability of each of the insureds to this litigation, particularly those residing outside of Illinois, is a controlling and contestable question of law, the resolution of which will materially advance this lawsuit. In addition, if certification is pending, the Court should stay the proceedings while the appeal proceeds. Where this case presents for the first time a partial subrogation lawsuit aggregating over 200 separate claims from 33 different states, in which the Court lacks personal and in some cases subject-matter jurisdiction over a large majority of the subrogor-insureds, and which will be highly prejudicial to Electrolux's ability to defend itself appropriately, certification pursuant to 28 U.S.C. § 1292(b) is appropriate.

## CONCLUSION

For the reasons stated herein, the Court should grant this motion for reconsideration, or in the alternative, certify its April 16, 2012 Memorandum Opinion and Order for interlocutory appeal to the Seventh Circuit Court of Appeals, and stay the proceedings during the appeal.

Dated: April 30, 2012

Respectfully Submitted,

/s/ Michael J. Summerhill

Michael J. Summerhill (ARDC No. 6274260)
Matthew J. Kramer (ARDC No. 6283296)
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel: (312) 360-6382
Fax: (312) 360-6594
msummerhill@freebornpeters.com
mkramer@freebornpeters.com

14

Robert H. Shulman (*admitted pro hac vice*)
David J. Abrams (*admitted pro hac vice*)
Jaime L. Abraham (*admitted pro hac vice*)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
rshulman@kasowitz.com
dabrams@kasowitz.com
jabraham@kasowitz.com

*Counsel for Defendant Electrolux Home Products, Inc.*

**CERTIFICATE OF SERVICE**

 The undersigned attorney hereby certifies that, on April 30, 2012, he caused a copy of the foregoing pleading to be served upon the following counsel of record through this Court's CM/ECF system.

Terrence R. Joy
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
150 South Fifth Stree
Minneapolis, Minnesota 55402
(612) 564-4884
tjoy@ghlaw-llp.com


William J. Hoffman
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
105 West Adams Street
Suite 2300
Chicago, Illinois 60603
wjh@ghlaw-llp.com

Jonathan J. Tofilon
Kevin M. Murphy
Michael J. Scola
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
407 South Third Street
Suite 200
Geneva, Illinois 60139
jtofilon@ghlaw-llp.com
kmurphy@ghlaw-llp.com
scola@ghlaw-llp.com

             /s/ Michael J. Summerhill