**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE FARM LLOYDS; and STATE FARM FLORIDA INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| | ) Case No. 1:11-cv-08946 |
| Plaintiffs, | )<br>) The Honorable Suzanne Conlon |
| v. | )<br>) JURY DEMAND |
| ELECTROLUX HOME PRODUCTS, INC., | )<br>) |
| Defendant. | )<br>) |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Electrolux Home Products, Inc. ("Electrolux" or "Defendant"), for its Answer and Affirmative Defenses to the Amended Complaint (the "Amended Complaint") filed by Plaintiffs State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Lloyds, and State Farm Florida Insurance Company (collectively "Plaintiffs" or "State Farm"), states as follows:

**JURISDICTION**

1. The Subject Matter Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as Plaintiffs, State Farm Fire and Casualty Company, State Farm General Insurance Company, State Farm Lloyds, and State Farm Florida Insurance Company and Defendant, Electrolux Home Products, Inc. are citizens of different states, are diverse parties, and the amount in controversy exceeds $75,000.00.

**ANSWER:**

Electrolux admits that, upon information and belief, the parties named in the caption of the Amended Complaint are citizens of different states, and are therefore diverse for purposes of subject-matter jurisdiction. Electrolux denies that diversity exists as between Electrolux, on the

one hand, and all of the purported insured parties identified in Exhibit A to the Amended Complaint, on the other. Further answering, Electrolux admits that, as to certain purported losses identified in Exhibit A to the Amended Complaint, the amount in controversy exceeds $75,000. Electrolux denies the remainder of the allegations in this Paragraph of the Amended Complaint.

2. Venue is proper in the Northern District of Illinois pursuant to 28 USC § 1391(a)(1) & (a)(3) as the Defendant's registered agent is CT Corporation located in Chicago, Illinois and Defendant does business throughout the State of Illinois and specifically throughout the Northern District.

**ANSWER:**

Assuming jurisdiction to otherwise be proper, Electrolux admits the allegations in this Paragraph of the Amended Complaint.

## PARTIES

3. State Farm Fire & Casualty Company, (hereinafter referred to as "State Farm Fire") is an insurance company licensed in the State of Illinois and engaged in the business of insuring properties throughout the United States including Illinois, with its principal place of business in Bloomington, Illinois.

**ANSWER:**

Upon information and belief, Electrolux admits the allegations in this Paragraph of the Amended Complaint.

4. State Farm General Insurance Company, (hereinafter referred to as "State Farm General") is an insurance company licensed in the State of California and engaged in the business of insuring properties throughout the State of California, with its principal place of business in Bloomington, Illinois.

**ANSWER:**

Upon information and belief, Electrolux admits the allegations in this Paragraph of the Amended Complaint.

5. State Farm Lloyds, (hereinafter referred to as "State Farm Lloyds") is an association of underwriters organized under the laws of the State of Texas and engaged in the business of insuring properties throughout the State of Texas, with its principal place of business in Texas.

**ANSWER:**

Upon information and belief, Electrolux admits the allegations in this Paragraph of the Amended Complaint.

6. State Farm Florida Insurance Company, (hereinafter referred to as "State Farm Florida") is an insurance company licensed in the State of Florida and engaged in the business of insuring properties throughout the State of Florida, with its principal place of business in Bloomington, Illinois.

**ANSWER:**

Upon information and belief, Electrolux admits the allegations in this Paragraph of the Amended Complaint.

7 Hereinafter the Plaintiffs, State Farm Fire, State Farm General, State Farm Lloyds, and State Farm Florida, are all collectively referred to as "State Farm."

**ANSWER:**

This Paragraph of the Amended Complaint does not state a factual allegation as to which any response is required.

8. Upon information and belief, Electrolux Home Products, Inc. (hereinafter referred to as "Electrolux") is a Delaware corporation with its principal place of business located at 20445 Emerald Parkway S.W., Cleveland, Ohio 44135.

**ANSWER:**

Electrolux admits that it is incorporated in the state of Delaware. Electrolux denies the remaining allegations in this Paragraph of the Amended Complaint.

3

9. Upon information and belief, and at all times relevant, Defendant Electrolux was engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States.

**ANSWER:**

Electrolux admits that, among other things, it is engaged in the business of designing, manufacturing, and distributing clothes dryers throughout the United States.

**BACKGROUND**

10. At all times relevant, the entities or individuals (hereinafter collectively referred to as "State Farm's Insureds") listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 10) either owned or rented homes or buildings located at the corresponding addresses identified on Exhibit A, which homes or buildings were insured by State Farm.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

11. Fires occurred at the homes or buildings of State Farm's Insureds (hereinafter referred to as the "fire losses") and the date of each fire loss is identified in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 11).

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

12. Pursuant to their respective insurance policies, State Farm's Insureds submitted claims to State Farm seeking payment and/or reimbursement for property damage that resulted from the aforementioned fire losses.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

13. State Farm was obligated to and did, in fact, pay over $12,000,000.00 to or on behalf of State Farm's Insureds in connection with the losses submitted by State Farm's Insureds for property damage stemming from the fire losses. The individual payments made by State Farm to its Insureds are itemized and listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 13).

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

**FACTS**

14. At various dates and times, State Farm's Insureds purchased clothes dryers and/or purchased or rented homes or buildings equipped with clothes dryers including gas clothes dryers, electric clothes dryers, gas laundry centers, or electric laundry centers (hereinafter collectively referred to as "the clothes dryers").

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

15. Upon information and belief, the aforementioned clothes dryers were designed, manufactured, distributed, and sold into the stream of commerce by Electrolux.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

16. At all relevant times, State Farm's Insureds used the clothes dryers for their intended purpose of drying laundry and used them in a manner reasonably foreseeable by Electrolux.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

17. Before the aforementioned fire losses set forth in Exhibit A, lint accumulated inside the clothes dryers set forth in Exhibit A in areas not observable to State Farm's Insureds, and in close proximity to the heat sources of the clothes dryers, either gas burners or electric heating elements, creating an increased risk of fire.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

18. The aforementioned clothes dryers ignited and burned in the homes or buildings of State Farm's Insureds, and caused significant fire related property damage. The date of each fire loss, the address of each home/building that sustained property damage, and name of the corresponding State Farm Insureds are listed in Exhibit A of this Amended Complaint (incorporated by reference into this paragraph 18).

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

**COUNT I**
**STRICT LIABILITY**

1-18. State Farm re-alleges and incorporates paragraphs 1 through 18 for this Count I as if they were set forth and fully pled herein.

**ANSWER:**

Electrolux incorporates by reference its responses to the allegations in Paragraphs 1 through 18 of the Amended Complaint as though fully set forth herein.

19. The clothes dryers were unreasonably dangerous at the time they left the control of Electrolux because:

    a. the clothes dryers were designed and manufactured with a heater pan directly behind the drum and in direct proximity to the heat source, either a gas burner flame or electric heating element, so that lint released by the laundry

        tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

b.    the clothes dryers were designed and manufactured with a combustible plastic air duct directly below the drum and combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

c.    the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer and that are not visible to the user so that particles of that accumulate and ignite behind the drum and within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d.    the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e.    the clothes dryers were designed and manufactured in a manner that accumulates lint in areas within the clothes dryer in areas that are not serviceable by the homeowner;

f.    the clothes dryers were designed and manufactured with combustible plastic components within which plastic components it was foreseeable that lint would accumulate and ignite;

g.    the clothes dryers were designed and manufactured without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

h.    the clothes dryers were designed and manufactured without adequate warnings that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

i.    the clothes dryers were designed and manufactured without any warning contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

7

      j.     the clothes dryers were designed and manufactured with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

**ANSWER:**

Electrolux denies the allegations in this Paragraph of the Amended Complaint, including each of its sub-paragraphs.

20.    As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the clothes dryers ignited and burned in the homes/buildings of State Farm's Insureds causing significant fire related property damage.

**ANSWER:**

Electrolux denies the allegations in this Paragraph of the Amended Complaint.

21.    Pursuant to the provisions of the policies of insurance issued to its Insureds by State Farm, State Farm paid to or on behalf of their Insureds sums in excess of Twelve Million Dollars ($12,000,000.00) to repair or replace damaged or destroyed property and otherwise compensate their Insureds for losses sustained as the result of said fire damage.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

22.    By virtue of said payments, terms of said policies of insurance, and by virtue of equity, State Farm has become and is subrogated to all rights, remedies, and causes of action accruing to their Insureds and against the Defendant, Electrolux.

**ANSWER:**

The allegation in this Paragraph of the Amended Complaint regarding State Farm's purported rights as a subrogee states a legal conclusion to which no response is required. Further answering, Electrolux denies that either State Farm or any of its purported insureds has any rights as against Electrolux.

## COUNT II
## NEGLIGENCE

1-18. State Farm re-alleges and incorporates paragraphs 1 through 18 for this Count II as if they were set forth and fully pled herein.

**ANSWER:**

Electrolux incorporates by reference its responses to the allegations in Paragraphs 1 through 18 of the Amended Complaint as though fully set forth herein.

19 (sic). At all times relevant, Electrolux had a duty to exercise reasonable care in the design, manufacture, and distribution of the aforementioned clothes dryers.

**ANSWER:**

Electrolux admits the allegations in this Paragraph of the Amended Complaint.

20 (sic). Upon information and belief, Electrolux breached its duty of care by, among other things, negligently designing, manufacturing, testing, inspecting and distributing the clothes dryers at issue in this case.

**ANSWER:**

Electrolux denies the allegations in this Paragraph of the Amended Complaint.

21 (sic). Upon information and belief, Electrolux' s negligent acts and omissions include, but are not limited to:

    a. Carelessly and negligently designed and manufactured the clothes dryers with a heater pan directly behind the drum and in direct proximity to the heat source of the clothes dryer, a gas burner flame, so that lint released by the laundry tumbling in the drum could migrate to and accumulate behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer;

    b. Carelessly and negligently designed and manufactured the clothes dryers with a combustible plastic air duct directly below the drum and a combustible plastic blower housing adjacent to that air duct, which combustible plastic components accumulate combustible lint released by the laundry tumbling in the drum;

9

c. Carelessly and negligently designed and manufactured the clothes dryers so that particles of lint that accumulate and ignite within the heater pan can travel into and through the drum and thereby ignite the additional lint that has accumulated within the combustible plastic air duct and blower housing and/or the laundry load that has been dried in the drum;

d. Carelessly and negligently designed and manufactured in a manner that accumulates lint in areas within the clothes dryer that are not visible to the user unless the clothes dryer cabinet is dismantled and clothes dryer drum is removed;

e. Carelessly and negligently designed and manufactured the clothes dryer in a manner that lint accumulates in areas within the clothes dryer that are not serviceable by the user;

f. Carelessly and negligently designed and manufactured the clothes dryer with combustible plastic components, within which components it was foreseeable that lint would accumulate and ignite a fire;

g. Carelessly and negligently designed and manufactured the clothes dryer without conducting any lint accumulation tests;

h. Carelessly and negligently designed and manufactured the clothes dryer without conducting any fire risk studies on the design of the product;

i. Carelessly and negligently failed to advise or instruct appliance service personnel of a need to dismantle the clothes dryer and to remove lint from behind the dryer drum and from within the combustible plastic air duct and blower housing;

j. Carelessly and negligently designed and manufactured the clothes dryers without adequate warning to the user that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and/or blower housing, which areas are not visible to or serviceable by the user;

k. Carelessly and negligently designed and manufactured the clothes dryers without any warnings contained on the clothes dryer that lint can accumulate and ignite in areas behind the drum and within the combustible plastic air duct and /or blower housing, which areas are not visible to or serviceable by the user;

l. Carelessly and negligently designed and manufactured the clothes dryers with front drum seals that failed to seal the drum from the surrounding cabinet and thereby promoted the accumulation of lint behind the drum and in the heater pan where it could be ignited by the heat source of the clothes dryer.

**ANSWER:**

Electrolux denies the allegations in this Paragraph of the Amended Complaint, including each of its sub-paragraphs.

22 (sic).   As a direct and proximate result of one or more of Electrolux's negligent acts or omissions, the clothes dryers ignited and burned in the homes/buildings of State Farm's Insureds, causing significant related property damage.

**ANSWER:**

Electrolux denies the allegations in this Paragraph of the Amended Complaint.

23 (sic).   Pursuant to the provisions of the policies of insurance issued to its Insureds by State Farm, State Farm paid to or on behalf of their Insureds sums in excess of Twelve Million Dollars ($12,000,000.00) to repair or replace damaged or destroyed property and otherwise compensate their Insureds for losses sustained as the result of said fire damage.

**ANSWER:**

Electrolux lacks sufficient information to form a belief as to the truth or falsity of the allegations in this Paragraph of the Amended Complaint, and, therefore, denies them.

24.   By virtue of said payments, terms of said policies of insurance, and by virtue of equity, State Farm has become and is subrogated to all rights, remedies, and causes of action accruing to their Insureds and against the Defendant, Electrolux.

**ANSWER:**

The allegation in this Paragraph of the Amended Complaint regarding State Farm's purported rights as a subrogee states a legal conclusion to which no response is required.  Further answering, Electrolux denies that either State Farm or any of its purported insureds has any rights as against Electrolux.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**Assumption of the Risk**

State Farm's claims are barred by each insureds' acceptance and assumption of the risk associated with owning and operating a clothes dryer, including the risk associated with installing and operating the dryer in a manner inconsistent with the instructions and warnings provided by Electrolux, as well as the risk associated with failing to clean properly the lint trap on the dryer, the interior of the dryer, and the dryer's ventilation system, or otherwise to maintain and service the dryer as recommended by Eletrolux.

**Second Affirmative Defense**
**Contributory and/or Comparative Negligence**

State Farm's claims are barred or reduced by each insured's comparative and/or contributory negligence and/or comparative and/or contributory fault due to each insured's improper installation, maintenance, and operation of their dryer in a manner inconsistent with the instructions and warnings provided by Electrolux, including, by way of example but not limitation, failing to clean properly clean the lint trap on the dryer, the interior of the dryer, and the dryer's ventilation system, or otherwise to maintain and service the dryer as recommended by Eletrolux.

**Third Affirmative Defense**
**Failure to Read and Follow Instructions and Warnings**

State Farm's claims are barred, in whole or in part, by the failure of each of its insureds to read and follow instructions and warnings provided by Electrolux with respect to the proper operation, installation, and maintenance of their dryers.

12

### Fourth Affirmative Defense
### Failure to Mitigate Damages

Upon information and belief, State Farm has failed to mitigate any damages or losses that it allegedly sustained, including, by way of example but not limitation, by paying sums to its insureds in excess of the amounts, if any, to which its insureds were entitled under their respective insurance policies.

### Fifth Affirmative Defense
### Statute of Limitations

State Farm's claims are barred, in whole or in part, by one or more of the statutes of limitations applicable to the claims as to which it purports to be subrogated.

### Sixth Affirmative Defense
### Laches

State Farm's claims are barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense
### Statute of Repose

State Farm's claims are barred, in whole or in part, by one or more of the statutes of repose applicable to the claims as to which it purports to be subrogated.

### Eighth Affirmative Defense
### Improper Joinder and Consolidation

State Farm has improperly joined and consolidated in a single action multiple independent claims, involving multiple insureds as to which it purports to be subrogated, relating to insureds with alleged losses in 33 different states.

Dated: April 30, 2012 　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　/s/ Michael J. Summerhill
　　　　　　　　　　　　　　　　　　Michael J. Summerhill (ARDC No. 6274260)
　　　　　　　　　　　　　　　　　　Matthew J. Kramer (ARDC No. 6283296)
　　　　　　　　　　　　　　　　　　FREEBORN & PETERS LLP
　　　　　　　　　　　　　　　　　　311 S. Wacker Dr., Suite 3000
　　　　　　　　　　　　　　　　　　Chicago, Illinois  60606
　　　　　　　　　　　　　　　　　　Tel: (312) 360-6382
　　　　　　　　　　　　　　　　　　Fax: (312) 360-6594
　　　　　　　　　　　　　　　　　　msummerhill@freebornpeters.com
　　　　　　　　　　　　　　　　　　mkramer@freebornpeters.com


　　　　　　　　　　　　　　　　　　Robert H. Shulman (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　David J. Abrams (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　Jaime L. Abraham (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
　　　　　　　　　　　　　　　　　　1633 Broadway
　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　rshulman@kasowitz.com
　　　　　　　　　　　　　　　　　　dabrams@kasowitz.com
　　　　　　　　　　　　　　　　　　jabraham@kasowitz.com

　　　　　　　　　　　　　　　　　　*Counsel for Defendant Electrolux Home Products, Inc.*