**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; STATE FARM LLOYDS; and STATE FARM FLORIDA INSURANCE COMPANY, | ) ) ) ) ) | |
| | ) | Case No. 1:11-cv-08946 |
| Plaintiffs, | ) ) | The Honorable Suzanne Conlon |
| v. | ) ) | |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) | |
| Defendant. | ) ) | |

## ELECTROLUX HOME PRODUCTS, INC.'S FRCP 26(a)(1) INITIAL DISCLOSURES

Defendant Electrolux Home Products, Inc. ("Electrolux") makes the following initial disclosures in accordance with Rule of Civil Procedure 26(a)(1) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Rule 26(a)(1) requires the disclosure of the existence of documents and identification of individuals that the disclosing party "may use to support its claims and defenses, unless solely for impeachment." In accordance with these requirements, and without waiver of the attorney client privilege or any other applicable privilege or doctrine, Electrolux makes the following Rule 26(a)(1) disclosures based upon currently available knowledge and information.

Electrolux's investigation and discovery in this case are continuing. Accordingly, Electrolux reserves the right to clarify, amend, or supplement the information contained in these initial disclosures in accordance with the Federal Rules of Civil Procedure, the Local Rules of

this Court, and any applicable scheduling order. These initial disclosures are provided without prejudice to Electrolux's right to introduce at a hearing or at trial any evidence that is subsequently discovered. To the extent plaintiff seeks review or production of any confidential or proprietary business information or materials identified herein, such information will be produced only upon the entry of an agreed protective and non-waiver order.

Electrolux objects to the disclosure requirements to the extent they call for the production of information protected by privilege, and all requirements will be read to exclude production of information so protected. Electrolux makes these initial disclosures without waiving any of its objections under the Federal Rules of Evidence or the Federal Rules of Civil Procedure including objections as to relevance or admissibility.

## DISCLOSURES

A.      The name, address, and telephone number of each individual likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, and the subject of that information, that Electrolux may use to support its claims:

1.      Representatives from State Farm Fire & Casualty Company involved in investigating and handling each of the claims referenced in Exhibit A to the Amended Complaint in this action. The representatives are likely to have discoverable information concerning the adjustment of the claims on behalf of State Farm Fire & Casualty.

2.      Representatives from State Farm General Insurance Company involved in investigating and handling each of the claims referenced in Exhibit A to the Amended Complaint in this action. The representatives are likely to have discoverable information concerning the adjustment of the claims on behalf of State Farm General.

3.      Representatives from State Farm Lloyds involved in investigating and

handling each of the claims referenced in Exhibit A to the Amended Complaint in this action. The representatives are likely to have discoverable information concerning the adjustment of the claims on behalf of State Farm Lloyds.

4.     Representatives from State Farm Fire & Casualty Company involved in the underwriting and creation of homeowner insurance policies.  The representatives are likely to have discoverable information concerning the risk assessments undertaken pursuant to actuarial analysis, policy premium costs, policy exclusions and other bases for the language in State Farm Fire & Casualty homeowner policies covering fire loss.

5.     Representatives from State Farm Fire & Casualty Company involved in the coverage analysis for homeowner policy claims involving dryer fire claims generally and with respect to each of the claims referenced in Exhibit A to the Amended Complaint in this action.  The representatives are likely to have discoverable information concerning coverage determinations, use of reservation of rights letters and/or memoranda to homeowners generally and for each of the claims referenced in Exhibit A to the Amended Complaint in this action.

6.     Representatives from State Farm Fire & Casualty Company involved in the creation, production and authorization for publication of State Farm Fire & Casualty home maintenance tips, which discuss maintenance of clothes dryers.  The representatives are likely to have discoverable information concerning the basis, including testing, for any claims or statements made on the webpage or in other published sources regarding dryers, maintenance of dryers, lint, venting, exhaust ducts and fires.

7.     Representatives from State Farm Fire General Insurance Company involved in the underwriting and creation of homeowner insurance policies.  The representatives are likely to have discoverable information concerning the risk assessments

3

undertaken pursuant to actuarial analysis, policy premium costs, policy exclusions and other basis for the language in State Farm General homeowner policies covering fire loss.

8.      Representatives from State Farm General Insurance Company involved in the coverage analysis for homeowner policy claims involving dryer fire claims generally and with respect to each of the claims referenced in Exhibit A to the Amended Complaint in this action. The representatives are likely to have discoverable information concerning coverage determinations, use of reservation of rights letters and/or memoranda to homeowners generally and for each of the claims referenced in Exhibit A to the Amended Complaint in this action.

9.      Representatives from State Farm General Insurance Company involved in the creation, production and authorization for publication of State Farm General Insurance Company home maintenance tips, which discuss maintenance of clothes dryers. The representatives are likely to have discoverable information concerning the basis, including testing, for any claims or statements made on the webpage or in other published sources regarding dryers, maintenance of dryers, lint, venting, exhaust ducts and fires.

10.     Representatives from State Farm Lloyds involved in the underwriting and creation of homeowner insurance policies. The representatives are likely to have discoverable information concerning the risk assessments undertaken pursuant to actuarial analysis, policy premium costs, policy exclusions and other basis for the language in State Farm Lloyds homeowner policies covering fire loss.

11.     Representatives from State Farm Lloyds involved in the coverage analysis for homeowner policy claims involving dryer fire claims generally and with respect to each of the claims referenced in Exhibit A to the Amended Complaint in this action. The representatives are likely to have discoverable information concerning coverage determinations,

4

use of reservation of rights letters and/or memoranda to homeowners generally and for each of the claims referenced in Exhibit A to the Amended Complaint in this action.

12.     Representatives from State Farm Lloyds involved in the creation, production and authorization for publication of State Farm Lloyds home maintenance tips, which discuss maintenance of clothes dryers.   The representatives are likely to have discoverable information concerning the basis, including testing, for any claims or statements made on the webpage or in other published sources regarding dryers, maintenance of dryers, lint, venting, exhaust ducts and fires.

13.     Carl King, Electrolux Home Products, Inc. (to be contacted through Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY, 212-506-1739). Mr. King is likely to have discoverable information concerning the design and manufacture of the clothes dryers at issue in this litigation.

14.     Representatives from the various fire departments responding to or documenting the fires at issue in each of the claims referenced in Exhibit A to the Amended Complaint in this action.   The representatives are likely to have discoverable information concerning the fire that occurred at the various residences.

15.     Representatives from all fire investigative services that have discoverable information concerning the inspection of the dryers at issue in each of the claims referenced in Exhibit A to the Amended Complaint in this action.

16.     Unknown representatives from the companies that serviced or cleaned the various residences and contents after the fires at issue in each of the claims referenced in Exhibit A to the Amended Complaint in this action.   The representatives are likely to have discoverable information concerning the alleged damages for each of the referenced claims.

17.     Each of the insureds identified in Exhibit A to the Amended Complaint in this action, as well as any other users of the dryers at issue in each of the claims.  These individuals are likely to have discoverable information concerning the installation, operation, use and maintenance of the dryers in question.

18.     Representatives from the companies that provided installation, maintenance and service for the dryers at issue in each of the claims.

B.     A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of Electrolux that it may use to support its claims:

Electrolux identifies the following categories of documents and things that are in its possession, custody, and control, and which are generally available for dryers where the model and serial numbers are known, but notes that the model number and serial number for the subject dryers at issue have not been provided to Electrolux.   Electrolux also notes that the identification of categories of documents does not constitute and should not be construed as an admission or concession as to the discoverability, relevance or admissibility of any particular document, or as a waiver of any otherwise applicable claim of attorney-client privilege and/or work product immunity: (1) product literature (including, but not limited to, an owner's manual and instructions); (2) warning labels accompanying the dryers at the time of purchase; (3) parts lists for the dryers at issue; (4) wiring diagrams for the dryers at issue; (5) engineering drawings related to the dryers at issue; (6) air flow charts for the dryers at issue; (7) operating instructions; (8) installation instructions; (9) service manuals; and (10) State Farm maintenance

tips published to State Farm's website. The majority of Electrolux's documents are located at the following Electrolux facilities: 400 Des Moines Street, Webster City, Iowa 50595, or 10200 David Taylor Drive, Charlotte, North Carolina, 28262. Some documents may be located elsewhere.

C.     A computation of damages claimed by Electrolux.

       Not applicable.

D.     Insurance Agreement that may be liable to satisfy part or all of a judgment which may be entered into this action or to indemnify or reimburse for payments made to satisfy the judgment.

       Equinox Insurance Company
       Policy # GL040107-03
       Policy # GL040110-03


Dated:  April 30, 2012                    Respectfully Submitted,

                                          /s/ Michael J. Summerhill

                                          Michael J. Summerhill (ARDC No. 6274260)
                                          Matthew J. Kramer (ARDC No. 6283296)
                                          FREEBORN & PETERS LLP
                                          311 S. Wacker Dr., Suite 3000
                                          Chicago, Illinois 60606
                                          Tel: (312) 360-6382
                                          Fax: (312) 360-6594
                                          msummerhill@freebornpeters.com
                                          mkramer@freebornpeters.com

Robert H. Shulman (*admitted pro hac vice*)
David J. Abrams (*admitted pro hac vice*)
Jaime L. Abraham (*admitted pro hac vice*)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
rshulman@kasowitz.com
dabrams@kasowitz.com
jabraham@kasowitz.com

*Counsel for Defendant Electrolux Home Products, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that, on April 30, 2012, he caused a copy of the foregoing pleading to be served upon the following counsel of record through this Court's CM/ECF system.

Terrence R. Joy
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
150 South Fifth Stree
Minneapolis, Minnesota 55402
(612) 564-4884
tjoy@ghlaw-llp.com


William J. Hoffman
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
105 West Adams Street
Suite 2300
Chicago, Illinois 60603
wjh@ghlaw-llp.com

Jonathan J. Tofilon
Kevin M. Murphy
Michael J. Scola
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
407 South Third Street
Suite 200
Geneva, Illinois 60139
jtofilon@ghlaw-llp.com
kmurphy@ghlaw-llp.com
scola@ghlaw-llp.com


   /s/ Michael J. Summerhill