IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM LLOYDS; | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:11-CV-08946 |
| v. | ) ) | Honorable Suzanne B. Conlon |
| ELECTROLUX HOME PRODUCTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Electrolux argues that the insured-subrogors are indispensable parties to this action and that, absent their joinder, Federal Rule of Civil Procedure ("FRCP") 19 requires the dismissal of this action because Electrolux would not have "compulsory access to 158 insureds residing outside of Illinois in addition to numerous additional out-of-state witnesses and related evidence." Electrolux's "indispensability" argument fails on several levels and is completely without legal support. Access to testimony from witnesses or other evidence has absolutely no bearing upon a determination of indispensability and dismissal pursuant to FRCP 19. Moreover, such access to and use of testimony and evidence from non-party witnesses is provided by FRCP 45 and FRCP 32. There are no grounds whatsoever for the argument offered by Electrolux, much less "substantial grounds for difference of opinion." Accordingly, both reconsideration and certification of the Court's order of dismissal must be denied.

1

**Electrolux's Motion for Reconsideration Must Be Denied.**

According to Electrolux, the Court must find that the Plaintiffs' insured-subrogors are indispensable parties pursuant to FRCP 19(b) and that, without their joinder, this case must be dismissed in order to protect "Electrolux's fundamental right to compulsory process over each insured-subrogor and other witnesses and evidence that comprise the heart of these claims." Electrolux Memorandum at 1. "Electrolux's primary argument" is that it will suffer prejudice "in the absence of any ability to *compel testimony* from each insured and other key witnesses . . . ." *Id.* (italics in original). Throughout its brief, Electrolux reiterates this argument that non-joinder of the insured-subrogors as parties to this case prejudices Electrolux by somehow denying what it calls "compulsory access" to witnesses and other evidence:

> Referring to "documents and testimonial proof from each insured, the users of the dryers, the local fire investigation, as well as any other evidence local to each individual fire (including the dryer itself)", Electrolux argues that "there can be no reasonable doubt that Electrolux's ability to obtain this type of discovery is critical to its right to a fair trial . . . ." *Id.* at 2-3.
>
> Further, Electrolux argues that "compulsory access to those facts is vital to a fair trial on the merits. It is the prejudice to Electrolux from the denial of compulsory access to 158 insureds residing outside of Illinois in addition to numerous additional out-of-state witnesses and related evidence which makes Fed. R. Civ. P. 19(b) directly applicable here." *Id.* at 3.
>
> "Electrolux's argument as to the indispensability of the insureds as parties" is that, without their joinder, Electrolux "must prove its affirmative defenses by addressing each insured's conduct without the ability to compel testimony of insureds and all other pertinent witnesses who reside outside of Illinois . . . ." *Id.* at 5.
>
> "Fundamental fairness, however, demands that the cases be brought in a jurisdiction where the court has judicial power to compel the insured and others to, in an orderly fashion, produce

> discovery and offer testimony that Electrolux can use in support of its defenses." *Id.* at 7.

As often as Electrolux restates its argument, it also suggests that the Court somehow "misunderstood", or "misapprehended", or "failed to recognize", or "compounded its misapprehension of" this argument. To the contrary, at page 5 of its Memorandum Opinion, the Court restated Electrolux's argument quite clearly and disposed of it very succinctly:

> Electrolux contends that (with the exception of the Illinois insured) if the insured are not joined as parties, Electrolux will be unable to compel them to submit to discovery or to testify at trial.
>
> Electrolux's argument is specious.

The problem with Electrolux's argument is not that it is difficult to apprehend, but only that it has absolutely no basis in the law and, more particularly, has no bearing upon the joinder of parties and their indispensability pursuant to FRCP 19.

Subpart (a) of FRCP 19 is concerned with identification of "persons required to be joined if feasible", and subpart (b) provides for determination of whether an action should proceed or be dismissed when such persons cannot be joined. A person is only "required to be joined if feasible" if there exist claims by or against that person and particularly when the non-joinder of that person would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" because of those claims. That person's potential status as a witness in the action has no bearing on whether that person is required to be joined as a party to the action under FRCP 19(a). Similarly, if that person cannot be joined, FRCP(b) directs the court to consider only whether "a judgment rendered in the person's absence might prejudice that person or the existing parties." The entire focus remains on the claims by or against that absent person, the possible prejudicial effect of a judgment that does not resolve

3

those claims, the adequacy of such a limited judgment and remedy, and the risk of double, multiple or inconsistent obligations that might arise from the non-joinder of that person. FRCP 19 is only concerned about the non-joined person's claims and status as a potential *party*. That rule has no concern for the non-joined person's knowledge or possession of evidence or the status of that person as a potential *witness*. Electrolux has not offered the Court any case law even remotely suggesting that such a factor has any relevance to Rule 19 joinder decisions.

Significantly, even though the concerns of Rule 19 are limited to potential claims by or against absent persons, and the potential prejudice that might arise from a judgment that would not resolve those claims and thereby risks multiple or inconsistent obligations, Electrolux is expressly *not* arguing that there is any such concern regarding multiple or inconsistent claims in this case. "The Court has failed to appreciate *that the risk of separate suits is not the issue here, and has no bearing on the analysis of indispensability in the present context*." Electrolux Mem. at 5 (emphasis supplied). "However, *Electrolux has not argued that the insurers must be joined to avoid duplicative suits*; instead, Electrolux has argued that, without joining the insureds, Electrolux will be prejudiced by being unable to prove its causation-based affirmative defenses . . . ." *Id.* at 10 (emphasis supplied). Accordingly, Electrolux does not base its argument upon any relevant Rule 19 factors, such as potential claims by or against absent persons. As this Court has already noted, "Electrolux has not posited a possible cause of action against any of the insured." Mem. Opinion at 6. Instead, Electrolux seeks to support its indispensability argument solely with the specious claim that it has some kind of "fundamental right to compulsory process over" and will be denied "compulsory access to" the insureds and other witnesses and evidence. These contentions have no basis whatsoever, either in law or fact, and they certainly have no bearing upon Rule 19 joinder analysis.

Many cases, perhaps most cases, involve witnesses who are not parties to the case. Some non-party witnesses might reside within the jurisdiction of the court in which the case is pending, while others might reside outside the jurisdiction of that court. For all such non-party witnesses, regardless of where they reside, FRCP 45 authorizes the issuance of subpoenas for the deposition of witnesses, the production of documents and other tangible things, and the inspection of premises. In turn, FRCP 32 provides for the use of those depositions in court proceedings. In this manner, the Federal Rules of Civil Procedure do provide for "compulsory access" to witnesses and other evidence and completely address the (baseless) concerns expressed by Electrolux.

Remarkably, Electrolux suggests that such judicial subpoena power is inadequate for its needs because its discovery would then be "subject not only to the whim of whether the insureds living out-of-state choose to cooperate, but also to whether federal courts from which the subpoenas issue choose to enforce them." Electrolux Mem. at 7. Parties to litigation are always entirely dependent upon that judicial subpoena power to obtain discovery from *all* non-party witnesses, whether they are insureds or not, including those witnesses who reside *within* the jurisdiction of the court in which the case is pending. Installers, service personnel, fire departments, prior owners of the property, tenants who are not insureds, housekeepers and any other users of the dryer or witnesses to the fire are all subject to deposition and discovery only pursuant to subpoena, regardless of where they reside.[1] The same is true for insured property owners who are not parties. As this Court has noted at page 5 of its Memorandum Opinion, those insureds who have not paid a deductible "would have no interest in the lawsuit and could

---

[1] Although Electrolux repeatedly emphasizes its need for "compulsory access" to such other "pertinent witnesses," it does not contend that such non-party witnesses must or could be joined as parties.

5

not be made parties", and so would be subject to discovery only through subpoena (like any other non-party witness). Similarly, some insured-subrogors might not reside within the state or judicial district where the fire occurred, either because they are out-of-state landlords or because they have since sold the property and relocated.

Significantly, on page 6 of its Memorandum Opinion, this Court correctly observed that the insured in *Auto Ins. Co. of Hartford v. Electrolux Home Prods., Inc.*, No. 08-CV-00623(A)(M), 2011 WL 1434672 (W.D.N.Y. Mar. 24, 2011), was not made a party to that litigation, and the same is true for the insureds in numerous other reported and pending subrogation cases against Electrolux.[2] Understandably, Electrolux does not move to join the insured as a party-plaintiff to such subrogation cases because, as a defendant, Electrolux obviously has no interest in adding the insured's claim for deductible to the damages amount, and little if any interest in bringing a homeowner to court in order to testify before a jury

---

[2] For example, the insured was not named or joined as a party in any of the following reported products liability subrogation cases involving Electrolux dryers**:** *Elec. Ins. Co. v. Electrolux N. Am., Inc.*, CIV. 09-3792 FSH MAS, 2011 WL 5599654 (D.N.J. Nov. 17, 2011); *State Farm Fire & Cas. Co. v. Electrolux N. Am.*, 2:10-CV-01147 RSM, 2012 WL 161821 (W.D. Wash. Jan. 4, 2012); *Fire Ins. Exch. v. Electrolux Home Products*, 05-70965, 2007 WL 781885 (E.D. Mich. Mar. 13, 2007); *Erie Ins. Exch. v. Electrolux Home Products, Inc.*, 3:10CV615, 2011 WL 2945814 (W.D.N.C. July 15, 2011); *Pioneer State Mut. Ins. Co. v. Electrolux Corp.*, 06-14156, 2007 WL 3037719 (E.D. Mich. Oct. 17, 2007); *Auto. Ins. Co. of Hartford v. Electrolux Home Products, Inc.*, 08-CV-00623 A M, 2011 WL 1434672 (W.D.N.Y. Mar. 24, 2011); *New Jersey Manufacturers Ins. Group v. Electrolux, Inc.*, CIV.A. 10-1952 WJM, 2011 WL 5117781 (D.N.J. Oct. 26, 2011); *State Farm Mut. Auto. Ins. Co. v. Electrolux Home Prod., Inc.*, CIV. 08-11150, 2010 WL 727526 (E.D. Mich. Feb. 24, 2010); *State Farm Fire & Cas. Co. v. Electrolux Home Products, Inc.*, 10 C 7651, 2011 WL 133014 (N.D. Ill. Jan. 14, 2011); *Donegal Mut. Ins. Co. v. Electrolux N. Am.*, 1:08-CV-2171, 2010 WL 3169291 (M.D. Pa. Aug. 10, 2010); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, 09 C 6379, 2012 WL 13512 (N.D. Ill. Jan. 4, 2012).

concerning the destruction, danger and damages caused by the Electrolux product. Thus, as contemplated and provided by the relevant rules of civil procedure, Electrolux and its counsel has plenty of experience in relying upon judicial subpoena power in order to obtain discovery from all kinds of witnesses, including non-party insured-subrogors, whether those subpoenas issue from the forum court or some other court. In this case, however, Electrolux has disingenuously fabricated its baseless "indispensability" argument, not out of any legitimate concern for access to evidence, but solely in the hope of preventing or delaying litigation of many of the claims now at issue. Indeed, as counsel for Electrolux has advised the Court at the April 12, 2012 status hearing, Electrolux has for years been attempting to resolve hundreds of product liability claims through arbitration proceedings pursuant to a Dispute Resolution Agreement with State Farm, which proceedings do not include any insureds as parties and do not provide Electrolux with any judicial subpoena power by which to obtain discovery or testimony from those insureds or any other witnesses.

Therefore, to the extent that Electrolux has any "fundamental right to compulsory process over each insured-subrogor and other witnesses and evidence" (and it has cited no law in support of such a right), the Federal Rules of Civil Procedure properly and adequately address such concerns regarding witnesses and evidence through the provisions of FRCP 45 and FRCP 32. In contrast to those rules, FRCP 19 does not address such matters of discovery and evidence. Witnesses are not necessarily parties, and parties are not necessarily witnesses. FRCP 19 is only concerned about parties and, specifically, which persons should be joined as parties, if feasible, and whether an action should proceed or be dismissed when such a person cannot be joined as a party. FRCP 19 is not concerned about witnesses, and the determination of whether a person is

either a necessary or indispensable party pursuant to that rule does not take into account that person's status as a witness.

Electrolux has not cited to any cases that in any way provide any support for its "indispensability" argument that the insured-subrogors must be joined as parties so that Electrolux would have "compulsory access" to their testimony as witnesses. For example, Electrolux cites *United States Fire Ins. Co. v. HC-Rockrimmon, LLC*, 190 F.R.D. 575 (D. Col. 1999), but that court's FRCP 19 "indispensability" analysis expressly and only considered "the possibility of inconsistent verdicts, the fact that adequate relief cannot be afforded to [the defendant], and the fact that complete relief can be afforded to all parties in state court", *id.* at 578, and did not even discuss the notion of access to testimony of the non-party insured contractor or any other witnesses. The other three cases cited by Electrolux are not even joinder cases and so have no bearing upon FRCP 19 indispensability analysis and provide no support for Electrolux's argument. See, *Garcia v. Sunbeam Corp.*, Case No. 92 C 4897, 1996 U.S. Dist. LEXIS 893 at *8 (N.D. Ill. Jan. 30, 1996) (motion to dismiss for negligent spoliation of evidence, not absence of an indispensable party); *Loughnane v. City of Chicago*, 188 Ill. App. 3d 1078, 1085, 545 N.E.2d 150, 155 (1st Dist. 1989) (reversal due to erroneous exclusion of police report, not absence of indispensability party); *Mr. Dee's, Inc. v. Int'l Outsourcing Services, LLC*, Case No. 08-C-457, 2008 U.S. Dist. LEXIS 93726, at *5 (E.D. Wisc. Nov. 3, 2008) (motion to stay civil case pending outcome of parallel criminal case, not dismissal for absence of indispensability party). In summary, neither the text of FRCP 19, its rationale, nor any judicial opinion applying that rule provide any support for the "indispensability" argument that Electrolux has invented and offered to this Court.

**Electrolux's Motion for Certification of Interlocutory Appeal Must Be Denied.**

This Court has denied the motion of Electrolux to dismiss the amended complaint in this action. In order to certify that order for interlocutory appeal, this Court must "be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion," among other things. Electrolux now seeks interlocutory appeal of that order and specifically identifies the controlling question of law as "whether the individual insureds are indispensable parties such that their nonjoinder requires dismissal of this case." Electrolux Memorandum at 12. Electrolux is arguing for dismissal only because nonjoinder of the insureds would allegedly prejudice Electrolux by "the denial of compulsory access to 158 insureds residing outside of Illinois in addition to numerous additional out-of-state witnesses and related evidence which makes Fed. R. Civ. P. 19(b) directly applicable here." *Id.* at 3. Such a challenge to this Court's application of the FRCP 19 legal standard to a complex set of facts concerning the anticipated discovery process involving numerous product liability claims and the unsupported allegations of prejudice due to lack of "access" to witnesses and other evidence in connection therewith is, at best, a "mixed question of law and fact" and arguably not even a question *of law* that would be an appropriate subject of an interlocutory appeal. See, *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 625 (7th Cir. 2011); *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F3d 674, 676 (7th Cir. 2000).

Even if the question posed by Electrolux is a "question of law," it is certainly not "contestable" as contemplated by 28 U.S.C. §1292(b). As discussed at length above, there is absolutely no legal grounds for the "indispensability" argument put forth by Electrolux, whether in the text of FRCP 19, the rationale underlying that rule, or the many judicial opinions discussing that rule, applying it to find an absent party to be "indispensable," or dismissing an

9

action due to nonjoinder of such a party.  Contrary to Electrolux's contention, *Hanover Ins. Co. v. Brandt Construction Co.* did not involve "similar circumstances" because, unlike the Plaintiffs in this action, the insurer in *Hanover* was seeking to recover the insured's deductible in addition to the amount paid by the insurer under the policy (as expressly noted in the Court's Memorandum Opinion at 3 and discussed at length in prior briefing).  Moreover, the court in *Hanover* gives absolutely no consideration to Electrolux's indispensability argument based on "compulsory access" to witnesses and other evidence.  In the absence of any support for the position offered by Electrolux, there are certainly not "substantial grounds for a difference of opinion" on this issue and the proper scope and application of FRCP 19.  Accordingly, certification of the Court's order denying Electrolux's motion to dismiss for interlocutory appeal is inappropriate.

## Conclusion

For the reasons stated herein, the Electrolux motion for reconsideration or certification must be denied.

Dated: May 15, 2012                           Respectfully submitted,

                                              STATE FARM FIRE AND CASUALTY COMPANY,
Terrence R. Joy – 1371509                     STATE FARM GENERAL INSURANCE COMPANY,
William J. Hoffmann — 6211756                 STATE FARM LLOYD'S INSURANCE COMPANY
Kevin M. Murphy — 6181083
Michael J. Scola — 6302960
Jonathan J. Tofilon – 6301041                 By: s/ William J. Hoffmann
GROTEFELD HOFFMANN SCHLEITER
GORDON & OCHOA, LLP
311 WACKER, SUITE 4500
CHICAGO, ILLINOIS 60606
Phone: (312) 551-0200
Fax: (312) 601-2402
www. grotefeldhoffmann.com