IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY; STATE FARM GENERAL INSURANCE COMPANY; and STATE FARM LLOYDS,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC. ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 1:11-CV-08946<br>Honorable Suzanne B. Conlon |

**DEFENDANT ELECTROLUX'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR INTERLOCUTORY APPEAL**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .......................................................................................................................... 3

I. The Court Should Reconsider the MTD Order and Dismiss the
   Amended Complaint ................................................................................................... 3

   A. The Required Pragmatic Rule 19 Analysis Compels a Finding
      That the Insureds are Necessary and in Certain Cases Indispensable Parties ........ 3

   B. Rules 32 and 45 Are No Substitute for Electrolux Foregoing Its Ability
      to Compel Key Witnesses, Particularly the Insureds, to Testify Live at
      Trial Regarding the Installation, Use and Maintenance of the Dryers
      at Issue in Each Underlying Claim ........................................................................ 7

   C. The Present Action is a Radical and Unwarranted Departure From
      the Manner in Which the State Farm Entities Have Previously Pursued
      Subrogation Actions Against Electrolux ............................................................... 8

II. Alternatively, the MTD Order Should Be Certified for Interlocutory
    Appeal to the Seventh Circuit ..................................................................................... 9

CONCLUSION ..................................................................................................................... 11

**PRELIMINARY STATEMENT**

Plaintiffs' opposition to Electrolux's motion to reconsider the Court's MTD Order or certify the decision for interlocutory appeal (Docket No. 59) essentially ignores the key reason why Electrolux's motion should be granted, and clings instead to an unduly narrow and inflexible interpretation of the scope of Fed. R. Civ. P. ("Rule") 19(b). By mischaracterizing this litigation as a routine subrogation action involving a standard cast of non-party witnesses, the State Farm Entities seek to disregard the manifest prejudice faced by Electrolux in defending this unprecedented consolidation of 210 individual product liability disputes into a single subrogation proceeding involving insureds, product users, other percipient witnesses and documents from 32 states in addition to Illinois. Plaintiffs completely fail to address a crucial point raised by Electrolux – that the Court has misapprehended the extent to which the present action is a radical departure from standard subrogation practice, in which the homeowner's insurer steps into the shoes of its insured – the allegedly injured party – but the underlying product liability dispute remains as if it had been brought directly by the insured, as intended.

Indeed, in every one of the subrogation lawsuits involving Electrolux referenced by plaintiffs in their opposition, the action involved a single underlying fire damage claim, brought in the jurisdiction where the insured allegedly resided and the alleged fire took place – the critical fact ignored by plaintiffs. The State Farm Entities cannot reconcile this distinction. This action in its present form prejudices Electrolux's ability to defend itself, because of Electrolux's inability to compel live trial testimony of key witnesses relating to the vast majority of the underlying claims, which should be Electrolux's indelible right. Moreover, plaintiffs do not even attempt to respond to Electrolux's argument that the Court failed to apply a "pragmatic" approach to Rule 19 joinder issues, as mandated by the 1966 amendments to Rule 19 and subsequent case law. Rule 19(b) is just one of many tools at the Court's disposal to ensure that

its jurisdiction is not manipulated by plaintiffs to distort what should be a level playing field for the adjudication of these product liability disputes.

The State Farm Entities have failed to refute Electrolux's arguments as to why the Court has misapprehended the substantial prejudice that would result if this action is allowed to proceed in its present form, or why the MTD Order should otherwise be certified for immediate interlocutory appeal. First, the State Farm Entities rely on an erroneous interpretation of Rule 19(b) that does not take into account the prejudice to Electrolux, as an existing party, that results from the Court not treating the insureds as indispensable parties where it is not feasible to join them as necessary parties.

Second, plaintiffs' assertion that Electrolux can rely on Rules 45 and 32 to obtain and use testimony from out-of-state witnesses at trial, rather than being able to compel their live trial testimony – particularly the testimony of the 158 insureds who reside outside of Illinois and are the most significant witnesses to the installation, operation and maintenance of their own dryers – is fundamentally unfair and prejudicial to Electrolux's ability to establish its key defenses of product misuse and contributory negligence.

Third, the attempt of the State Farm Entities to find some support from the prior alternative dispute resolution program in which they participated with Electrolux, until they unilaterally withdrew in the Fall of 2011, is completely meritless. Any agreements as to discovery, scope of proceedings, venue and other issues that were negotiated between the parties in the context of that ADR program have absolutely no bearing on the procedural matters faced by the Court in this judicial proceeding.

Lastly, plaintiffs have no substantive response to the significance of this first-ever attempt to use subrogation against Electrolux in a manner that radically changes the dynamics of

the underlying tort claim. Indeed, plaintiffs do not even respond to Electrolux's argument that the MTD Order breaks substantial new ground in the litigation of subrogation claims, by allowing subrogated insurers to sue product liability defendants in distant jurisdictions where the most relevant witnesses – those who owned and used the product – are not made parties and cannot be compelled to testify at trial. That is exactly why Rule 19 can and should be applied to prevent this type of procedural gamesmanship in the guise of subrogation, which, if allowed to proceed, would fundamentally harm Electrolux and other similarly-situated alleged tortfeasors, by making them rely entirely on out-of-state discovery of key witnesses, without the ability to compel their live testimony at trial. The application of Rule 19 could not be more relevant to the proper manner in which to assert alleged subrogation rights in the context of multiple disparate tort claims in a forum with no relationship to a vast majority of the insureds or the underlying property damage. There are numerous avenues available to ensure that if a Court does not have any relationship to the accident, the allegedly injured party or parties, or other pertinent witnesses, the plaintiffs' choice of forum will be rejected. To that end, the MTD Order, which allows this unprecedented effort to reconfigure the historical litigation of tort-based disputes through a misuse of subrogation concepts, will likely set a far-reaching and demonstrably unfair precedent that, at minimum, presents a contestable and controlling question of law that should be addressed by the Seventh Circuit before its unfair and prejudicial result plays out in this Court.

## ARGUMENT

I. **The Court Should Reconsider the MTD Order and Dismiss the Amended Complaint**

    A. **The Required Pragmatic Rule 19 Analysis Compels a Finding That the Insureds are Necessary and in Certain Cases Indispensable Parties**

The interpretation of Rule 19(b) advocated by plaintiffs and as applied by the Court is unduly narrow and does not satisfy the pragmatic approach to Rule 19 joinder issues required by

3

the 1966 amendments to the Rule. Plaintiffs' claim that Rule 19 is only applicable to parties and not to witnesses fundamentally misreads this rule, as does their blanket assertion that Rule 19(b) does not apply unless Electrolux can demonstrate that the absence of the insureds will create a risk of inconsistent judgments. As addressed by Electrolux in its moving brief (Docket No. 54 at 8), the pragmatic, case-by-case analysis of indispensability under Rule 19 that a court must undertake ultimately focuses on "equity and good conscience." In that regard, the State Farm Entities virtually ignore Electrolux's argument that the Court misapprehended "the extent to which a judgment rendered in the person's absence might prejudice that person **or the existing parties**." Rule 19(b) (emphasis added). Here, Electrolux has amply demonstrated the real prejudice caused by its inability to compel the testimony at trial from any witness residing outside of Illinois and not within 100 miles of the courthouse, and the fundamental unfairness of requiring Electrolux to defend this action in an Illinois court under those circumstances. It should be uncontested that in the subrogation context, the insureds are necessary parties and may be indispensable to the resolution of the ultimate tort liability at issue (if joinder is not feasible), including whether the insureds either misused the product or were in any way contributorily negligent in their use of the product. In that sense, each insured is more than simply an ordinary witness, and should be treated as a *de facto* "party."

Indeed, this court has specifically noted the importance of being able to compel discovery from an insured as part of an indispensability analysis. In *Unigard Security Insurance Co. v. M.W. Carlson Associates, Inc.*, No. 86 C 6898, 1987 U.S. Dist. LEXIS 980 (N.D. Ill. Feb. 5, 1987), the plaintiff insurer, as subrogee for the insured, brought an action against the contractor and subcontractor allegedly responsible for a fire that damaged the insured's clothing store. *Id.* at *1. One of the defendants moved to dismiss the complaint, arguing that there was no subject

4

matter jurisdiction because the insured was an indispensable party required to be joined under Rule 19(b), which would destroy diversity. *Id.* at **2-3. The court held not only that the insured was a real party in interest because it had not recovered the deductible under its insurance policy, but that the insured was also an indispensable party under the four-part pragmatic analysis applicable to Rule 19(b). *Id.* at *2. The court noted, among other things, that the absence of the insured could prejudice the defendant, because the insured may seek to recover its deductible in a separate proceeding. *Id.* at *3. Moreover, the court held that only the insured had "control over the witness and premises in question" and that defendant "might need the extra discovery measures that are available against parties only." *Id*. *See also Cleland Construction Co., Inc. v. Balfour Beatty Construction, Inc.*, 229 F.R.D. 521, 526 (D. S.C. 2005) (in finding a contractor to be indispensable in a construction action, the court examines the prejudice to existing parties, and notes the availability of discovery in a state court proceeding that could be brought on the same claims; the court notes the plaintiff subcontractor would not be "prejudiced by a dismissal for nonjoinder, as [plaintiff] can always pursue its claims in the state court litigation, or institute a new proceeding in state court if it so desires").

 Here, Electrolux has shown that the inability to join any of the insureds as parties to this litigation creates insurmountable obstacles in its defense of this improperly consolidated case in the first instance. There is no dispute that this subrogation case is a tort-based product liability action brought by the State Farm Entities in name only, predicated on individual fires in which the circumstances of dryer installation, use and maintenance are directly at issue. Although subrogation, by definition, allows an insurance company to bring a lawsuit as if standing in the shoes of the insured under a homeowner's policy, subrogation does not alter the substance of the pre-existing tort claims against the alleged tortfeasor. *See, e.g., Hanover Insurance Co. v.*

5

*Brandt Constr. Co.*, Case No. 4:11-cv-4050, 2011 U.S. Dist. LEXIS 146432, at **5-6 (C.D. Ill. Dec. 21, 2011). Whether equitable or contractual, the subrogation by the State Farm Entities to each insured's claim was made only after a separate claim adjustment of each of the 210 separate accidents at each separate location, without any determination that Electrolux's dryers at issue (involving different models and types) were defective and that the defect was the proximate cause of the fire damage alleged on behalf of each insured.

Undeniably, the insureds who installed, used and maintained the dryers at issue and who owned the property that sustained fire damage remain the most significant witnesses to the resolution of the 210 underlying subrogation claims, which, when stripped of their subrogation label, are still product liability claims. As such, plaintiffs' characterization of each insured as a routine non-party witness turns the principles of subrogation on their head and elevates form over substance with respect to the fair adjudication of fault and proximate cause as they relate to each individual insured's underlying claim. The State Farm Entities may have stepped into the shoes of their insureds, but doing so still requires a complete and unaltered resolution of all claims and defenses relating to fault and causation. It was on this basis that Electrolux not only argued that the Court misapprehended the practical effect of the MTD Order, but also its substantive effect. As the case is presently configured, Electrolux is unable to compel the vast majority of the insureds to testify live *at trial*, a result that substantially prejudices Electrolux in its defenses as to causation.

The pragmatic approach to a Rule 19 analysis must include looking at the circumstances of the specific case, and here it is obvious how plaintiffs are misusing the subrogation process. Plaintiffs would, at a minimum, prevent Electrolux from compelling live testimony at trial with respect to 158 of the 210 claims at issue, where the insureds, users, fire officials, and other

6

witnesses all reside outside of Illinois. Yet subrogation does not change the fundamental nature of a product liability claim, which includes Electrolux's right to present affirmative defenses such as contributory negligence and misuse, for which they are entitled to obtain discovery and to call such witnesses to testify at trial live. As Electrolux has argued, the Court failed to take into account the prejudice to Electrolux and the resulting unfairness from allowing the State Farm Entities to present their case by aggregating all of their subrogation claims in this single proceeding, while simultaneously insulating the vast majority of the insureds and other local witnesses from live testimony despite their direct involvement in the underlying damage claims.

  **B.** **Rules 32 and 45 Are No Substitute for Electrolux Foregoing Its Ability to Compel Key Witnesses, Particularly the Insureds, to Testify Live at Trial Regarding the Installation, Use and Maintenance of the Dryers at Issue in Each Underlying Claim**

The State Farm Entities obfuscate the nature of these consolidated partial subrogation claims and the importance of each insured's presence through compulsory process by comparing Electrolux's predicament to any ordinary civil litigation involving out-of-state non-party witnesses. Plaintiffs argue that Electrolux's need for "compulsory process" over the insureds and other witnesses and evidence is "properly and adequately" addressed through Federal Rules of Civil Procedure 32 and 45. (Pl. Opp. at 7). Plaintiffs are simply wrong. A deposition subpoena under Rule 45 is no substitute for compelling live testimony at trial through compulsory process. Since the Court can only compel the testimony of a witness within 100 miles of the courthouse, in the cases where the insureds and other witnesses reside outside of Illinois (and in some cases, in Illinois) could not be compelled to testify in this Court.

While Rule 32 is certainly available for use of depositions at trial under certain circumstances, playing a videotaped deposition or reading a deposition transcript at trial is a far cry from compelling live testimony of critical witnesses, and the inability to do so prejudices

7

Electrolux in its defense, especially with respect to the most essential witnesses to the case. Requiring Electrolux to limit its defenses right from the outset distorts the alleged tortfeasor's ability to vindicate itself against unwarranted claims. Each of the State Farm Entities' claims arise out of each different insured's underlying tort claim, and it would be improper and unfair to allow the vehicle of subrogation to be used to gain an unfair advantage that an individual insured would not have had if it sued Electrolux for its alleged damages directly. Simply stated, subrogation does not give the insurance company any shortcuts in pursuing its insured's underlying liability claim, nor does it require the alleged tortfeasor to sacrifice its ability to prove its defenses to liability.

      **C.**      **The Present Action is a Radical and Unwarranted Departure From the Manner in Which the State Farm Entities Have Previously Pursued Subrogation Actions Against Electrolux**

Plaintiffs argue, by citing to numerous lawsuits previously filed against Electrolux (Docket No. 59 at 7, fn.2), that Electrolux has somehow conceded that the insureds are not indispensable parties to these types of subrogation cases. Plaintiffs' claim completely misses Electrolux's argument, and clearly demonstrates how this action is such a radical departure from existing subrogation practice. In each of the cases cited by plaintiffs in their footnote, there was no need for the insured to be included as a party, because each case was filed in the jurisdiction in which the alleged injury occurred and where the insured allegedly resided. Therefore, the insured and other potential witnesses and evidence are within the subpoena power of the court, and there is no question about whether or not Electrolux would be able to obtain the information needed to prove its affirmative defenses. Indeed, if anything, plaintiffs' citation to this list of existing subrogation cases proves Electrolux's point. In order for these cases to be adjudicated fairly, there must be full access to the insureds and all other potential witnesses and evidence, which can only be guaranteed by bringing the subrogation suit in the insured's home jurisdiction,

8

consistent with the way that the State Farm Entities and other insurers have historically prosecuted subrogation actions against Electrolux and, no doubt, other alleged tortfeasors, and continue to do so. These are local disputes that demand resolution at the local level, where the alleged accident occurred, where the insured resides, and where all pertinent witnesses and evidence are located.

As a result, in light of what appears to be a misapprehension by the Court as to the substantial prejudice and unfairness that would result to Electrolux if the MTD Order is allowed to stand in its present form, the Court should reconsider that decision and dismiss the Amended Complaint for failure to join the insureds residing outside of Illinois as necessary parties.

**II.     Alternatively, the MTD Order Should Be Certified for Interlocutory Appeal to the Seventh Circuit**

The State Farm Entities fail to rebut Electrolux's showing that if the Court does not reconsider its decision, the MTD Order should be certified for interlocutory appeal to the Seventh Circuit. This first-ever attempt to reconfigure the litigation of tort-based disputes through a misuse of subrogation concepts by the State Farm Entities sets a far-reaching and demonstrably unfair precedent on an issue that has not been directly addressed by the Seventh Circuit – whether subrogation claims may be consolidated in the context of multiple disparate underlying tort claims in a forum with no relationship to the vast majority of the insureds, the pertinent witnesses or the location of the underlying property damage allegedly caused by Electrolux's dryers, and where the alleged tortfeasor cannot compel live testimony at trial from essential out-of-state witnesses. As such, the MTD Order represents the very type of potentially far-reaching pronouncement that should be considered by the Court of Appeals before its implementation by the Court is allowed to prejudice Electrolux in its defense of this action.

9

Plaintiffs do not contest that Electrolux has satisfied two of the four factors for certification under 28 U.S.C. §1292(b) – that the issue of law is "controlling" and that an immediate appeal would "materially advance the litigation." Plaintiffs' challenges to the application of the other two factors, that there be a "question of law" and that the issue be "contestable," should be rejected. First, the issue of whether the Court has applied the appropriate Rule 19 analysis is not a mixed question of law and fact, as plaintiffs contend, but rather is a question of law as to what constitutes a necessary and indispensable party under the Federal Rules, which is undeniably a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

Second, plaintiffs' contention that the issue of the indispensability of the insureds is not "contestable" as contemplated by 28 U.S.C. §1292(b) should similarly be rejected, because there is clearly "substantial grounds for a difference of opinion" on this issue. This is an issue of first impression, and the MTD Order authorizes for the first time a subrogation procedure that is counter to the standard and accepted practice for bringing subrogation claims in this context. As demonstrated above, the various subrogation cases cited by plaintiffs against Electrolux (Pl. Opp. at 7, fn.2) simply beg the question as to whether the insureds are indispensable in a subrogation action filed by the insurer in a district other than where the insured and other key witnesses reside, because all of the subrogation cases referenced by plaintiffs were brought in the jurisdiction where the insured allegedly resided and where the alleged fire took place. While *Hanover* does not address the specific indispensability arguments asserted by Electrolux, its holding that the insured is a real party in interest to the extent of its deductible payment, even if the insurer seeks to recover that deductible over and above the amount paid to the insurer under

10

the policy, 2011 U.S. Dist. LEXIS 146432, at **7-8, demonstrates the inherent inconsistency between *Hanover* and the MTD Order. Because *Hanover* was filed where the alleged property damage occurred, the Court did not need to consider any indispensability argument based on access to live testimony at trial and other evidence.

As a result, certification of the MTD Order for interlocutory appeal is appropriate in the present context.

## CONCLUSION

For the reasons stated herein and in Electrolux's moving brief dated April 30, 2012, the Court should grant Electrolux's motion for reconsideration, or in the alternative, certify its April 16, 2012 Memorandum Opinion and Order for interlocutory appeal to the Seventh Circuit Court of Appeals, and stay the proceedings during the appeal.

Dated: May 22, 2012  Respectfully Submitted,

/s/ Michael J. Summerhill

Michael J. Summerhill (ARDC No. 6274260)
Matthew J. Kramer (ARDC No. 6283296)
FREEBORN & PETERS LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel: (312) 360-6382
Fax: (312) 360-6594
msummerhill@freebornpeters.com
mkramer@freebornpeters.com

Robert H. Shulman (*admitted pro hac vice*)
David J. Abrams (*admitted pro hac vice*)
Jaime L. Abraham (*admitted pro hac vice*)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
rshulman@kasowitz.com
dabrams@kasowitz.com
jabraham@kasowitz.com

*Counsel for Defendant Electrolux Home Products, Inc.*

11

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on May 22, 2012, he caused a copy of the foregoing pleading to be served upon the following counsel of record through this Court's CM/ECF system.

Terrence R. Joy
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
150 South Fifth Stree
Minneapolis, Minnesota 55402
(612) 564-4884
tjoy@ghlaw-llp.com


William J. Hoffman
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
105 West Adams Street
Suite 2300
Chicago, Illinois 60603
wjh@ghlaw-llp.com

Jonathan J. Tofilon
Kevin M. Murphy
Michael J. Scola
Grotefeld Hoffmann Schleiter Gordon & Ochoa LLP
407 South Third Street
Suite 200
Geneva, Illinois 60139
jtofilon@ghlaw-llp.com
kmurphy@ghlaw-llp.com
scola@ghlaw-llp.com


    /s/ Michael J. Summerhill