# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8946 | **DATE** | 6/4/2012 |
| **CASE TITLE** | STATE FARM FIRE & CASUALTY CO. *et al.* v. ELECTROLUX HOME PRODUCTS, INC. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for reconsideration or for interlocutory appeal [53] is denied. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Three State Farm entities, State Farm Fire and Casualty Company, State Farm General Insurance Company, and State Farm Lloyds, brought suit against Electrolux Home Products, Inc., asserting a total of 210 subrogation claims to recover money the State Farm entities paid out to insured who suffered fires allegedly due to defective clothes dryers manufactured by Electrolux. Electrolux moved to dismiss, asserting improper joinder of claims, improper joinder of plaintiffs, and failure to join indispensable parties—namely the insured who paid a deductible. The court concluded improper joinder of plaintiffs or claims was not a basis to dismiss the complaint. The court also rejected Electrolux's argument that each of the insured who paid a deductible was an indispensable party. Electrolux moves for reconsideration on that last point. It contends the court misapprehended its reasons why the deductible-paying insured were indispensable parties. Alternatively, it seeks certification for an interlocutory appeal under 28 U.S.C. § 1292(b) on whether those insured are indispensable parties.

A court may in its discretion reconsider any order entered before final judgment. Fed. R. Civ. P. 54(b); *Galvan v. Norberg*, – F.3d –, No. 11-2319, 2012 WL 1570876, at *6 & n.3 (7th Cir. May 7, 2012). The standard is generally the same as the one under Fed. R. Civ. P. 59(e). *Morningware, Inc. v. Hearthware Home Prods., Inc.*, No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) (St. Eve, J.). Electrolux does not rely on newly discovered evidence, so it must show a manifest error of law or fact. *Boyd v. Tornier, Inc.*, 656 F.3d 487, 492 (7th Cir. 2011). Electrolux contends the court misapprehended its primary argument: even though Electrolux will be able to plead its affirmative defenses, its ability to *prove* its defenses at trial will be prejudiced if the insured are not made parties. Electrolux's argument is unpersuasive.

Cases like *Universal Underwriters Insurance Company v. Tony DePaul & Sons, Inc.*, No. Civ.A. 01-0631, 2001 WL 1175146, at *1 (E.D. Penn. July 25, 2001) (Tucker, J.), or *United States Fire Insurance*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

*Company v. HC-Rockrimmon, LLC*, 190 F.R.D. 575, 576 (D. Colo. 1999) (Weinshienk, J.), (discussed in the court's earlier order) demonstrate the special or complex circumstances that should exist—above and beyond simply paying a deductible—to find an insured is an indispensable party. Electrolux argues that the special circumstance present here is that the litigation was brought in a jurisdiction other than where the many of the fires occurred or the insured live.

Electrolux's contention that this will somehow hinder their access to discovery is meritless. All the potential witnesses and tangible objects are located in the United States. Fed. R. Civ. P. 45(a)(2) allows subpoenas for deposition, production, or inspection to be issued from any district court in the United States. Electrolux will have no more or less access to discovery if the deductible-paying insured are made a party.

Electrolux's other argument concerns its ability to compel witnesses to testify at trial. Fed. R. Civ. P. 45 limits the witnesses who may be subpoenaed to testify at trial to those within the state where the district court is located or within 100 miles of the court. Electrolux asserts it will be unable to compel at trial the testimony of each insured and other key witnesses as to the installation, use, and maintenance of each of the dryers at issue. This is not a sufficient reason to find the deductible-paying insured are indispensable parties. Electrolux has not identified another case in which a person was found to be an indispensable party solely to ensure their testimony at trial. Further, although making the deductible-paying insured parties will enable Electrolux to compel their trial testimony, it will have no effect on its ability to compel the testimony of the other witnesses whom Electrolux claims are necessary for its defense. Moreover, Electrolux has no response to the point that not all the insured paid a deductible and could not be made a party, yet the same purported difficulties apply. It is illogical to conclude that one set of insured are indispensable parties while another are not based solely on whether the insured paid a deductible (which none so far is seeking to recover).

Electrolux has not given a reason for the court to overturn its earlier decision. At heart, Electrolux's objection is to where the case was brought and not to the composition of the parties.

Nor will the court certify the issue for interlocutory appeal. To certify a case for interlocutory appeal, the count must find there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536–57 (7th Cir. 2012). There is potentially a controlling question of law. The issue is whether the deductible-paying insured are indispensable parties due to Electrolux's otherwise inability to compel them to testify at trial in Illinois. If they are indispensable parties, their joinder would deprive this court of subject matter jurisdiction. However, there is not substantial ground for difference of opinion.

Electrolux essentially objects to State Farm bringing all these subrogation claims related to different states in the same lawsuit. It asserts that it is "unprecedented" to bring product liability subrogation claims in this context. Electrolux cites no authority for the proposition that product liability claims are different from other subrogated claims. In *National Asbestos Workers Medical Fund v. Philip Morris, Inc.*, 74 F. Supp. 2d 221 (E.D.N.Y. 1999) (Weinstein, J.), Blue Cross Blue Shield organizations from several states were allowed to sue tobacco companies under RICO as subrogees of smokers who had been injured economically due to the tobacco companies' alleged racketeering activity. The court concluded any objection at the motion to dismiss stage to aggregating the claims were "misplaced" because "[a]s subrogees, the plaintiffs are real parties in interest who possess their own substantive rights," and a plaintiff may join as many claims as it has against a plaintiff. *Id.* at 238; *see also Allstate Ins. Co. v. Hechinger Co.*, 982 F. Supp. 1169, 1174 (E.D. Va. 1997)

## STATEMENT

(Ellis, J.) ("Allstate, which acquired two claims by subrogation and is the real party in interest with respect to these claims, may aggregate them for the purpose of meeting the jurisdictional amount").

Moreover, Electrolux's contention that this type of subrogation case has never been brought before is baseless. This is not the first case in which an insurer has consolidated subrogation claims from different states into one action. *See Allstate Ins. Co. v. Wal-Mart Stores, Inc.*, No. 00 CV 0307, 2000 WL 960736 (N.D. Ill. July 11, 2000) (Hart, J.) (insurance company brought in one action 15 subrogation claims based on fires that occurred in several states other than Illinois and allegedly caused by lamps sold by Wal-Mart), *transferred to* No. 5:00-cv-577-BR (E.D.N.C. Nov. 8, 2002) (dismissed pursuant to settlement). This case is larger in scope, but procedurally indistinguishable. As noted in the court's previous order, Electrolux's arguments might call for separate trials or severing some claims down the line, but are unpersuasive reasons to compel the joinder of the deductible-paying insured or to certify the issue for interlocutory appeal.

*Suzanne B. Conlon*